*In re* ESTATE OF CLARENCE KUNZ, INCOMPETENT—(THE DEPARTMENT OF MENTAL HEALTH, Claimant-Appellant, *v.* MELVIN BRUECKNER, CONSERVATOR OF THE ESTATE OF CLARENCE KUNZ, INCOMPETENT, Respondent-Appellee.)

(No. 71-137; ▮▮▮▮▮▮)

Fifth District—September 20, 1972.

*Rehearing denied November 8, 1972.*

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe and Herman R. Tavins, Assistant Attorneys General, of counsel,) for appellant.

Robert C. White, of Bullington & White, of Hillsboro, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal brought by the Department of Mental Health of the

State of Illinois. According to the appellant, the issues presented relate to the propriety of the use of the principal of an incompetent's estate for charges of the Department of Mental Health and an issue as to whether the claim of the Department of Mental Health in the amount of $9,977 was filed on a timely basis.

Appellant's brief includes a Statement of Facts (one-half page in length). The Statement of Facts contains no reference to the pages of the Record on Appeal and no reference to the pages of the Excerpts from the record. The Statement of Facts contains no reference to either of the orders of court which are the matters from which the appeal is taken. The Statement of Facts contains no reference to any testimony. The testimony of witnesses, consisting of the testimony given at two separate hearings, occupies eleven pages of the Excerpts. We are not referred to any rulings of the court. The points and authorities refer to one case and two sections of one statute, one section of which is obviously not applicable and the other was admittedly not complied with. The statute is not further referred to in Argument which is three pages long, of which one and one-half pages is a lengthy quotation from a decision.

The Table of Contents of the Excerpts does not include one of the orders appealed from. The Table of Contents does not contain the names of any witnesses or the pages of the record on which direct, cross or redirect examination begins.

Notwithstanding these omissions, the Excerpts include a Transcript of a hearing which occurred prior to the filing of the claim involved, copies of reports and exhibits to the report, various other blank and unsigned forms, all of which appear unexplained and unrelated to the facts.

Very helpfully the appellee concurs that the Statement of Facts as set forth by the appellant is correct. In turn, the appellee refers us to no authorities except the involved statutes.

We are not even favored with any statement by either side to the effect that research has revealed no authorities on the points involved.

In addition, it appears from examination of the record on appeal that the court, on his own motion and without hearing any argument from any party, dismissed the claim of the State of Illinois (on the day after it was filed) by writing a few lines across the face of the proof of service of the claim. This bears a date of April 16, 1970, but since nothing is shown of the filing of this order of its entry in the minutes, this action might well have escaped everyone's notice as it apparently did the Clerk's.

What then should be the position of a court of appeal when neither the

appellant nor the appellee decides to state the facts or file briefs in substantial conformity with the rules of court? The two alternatives appear to be for the court (1) to read the record, ascertain the facts, state the facts, research the applicable authorities and announce them in its decision, or (2) to dispose of the appeal without considering the merits. It is inviting because of the apparent simplicity of the matter to consider one of the two issues presented for review because the merits appear so relatively clear. By doing so, however, we are acting as did the trial judge, that of raising the contentions of the party and deciding the merits of them without benefit of assistance from the parties.

Since the State is appealing a claim of many thousand dollars and the estate is solvent, there appears no justification for lack of importance assigned this case by the parties.

■■ Dismissing the appeal has the effect of leaving the case where it was when it came from the trial court and this on the face of it might appear to be taking sides on the part of the court. However, it is a traditional function of the courts to act only upon live controversies between the parties which are brought to the attention of the court in the form sufficient to give some manner of life to the controversy.

In essence, the appellant's omissions to do the necessary in this court should no more incite us to come to its aid than would the omission of the plaintiff in the trial court to produce evidence in support of his claim justify the trial court's investigation of the matter where, on cursory examination, it appears that the plaintiff's cause might have merit.

The re-statement of the rule announced by our Supreme Court in *Kelley v. Kelley,* 317 Ill. 104, 147 N.E. 659, is long overdue:

> "The questions presented by this appeal are novel and a decision of them is bound to be far-reaching. Notwithstanding this, we have been compelled to make an independent search of the authorities and have not been aided by properly prepared briefs of counsel. Appellant has filed a brief citing an early case decided by this court where the only question involved was the modification of a decree *in personam* entered at a former term of court. The brief has not furnished us with any of the authorities from other jurisdictions which deal with the questions before us. Appellee has filed no brief at all. Rule 15 provides that each party *shall* file a printed brief in the cause. The brief of appellant should contain the points relied upon for a reversal and these points should be supported by authorities. If the question has been decided by this court it is not necessary to cite authorities from other jurisdictions, but if the question has not been decided by this court it is the duty

of counsel for appellant to support his contentions by an authority from each jurisdiction that has decided it. Counsel for appellee took this case to the Appellate Court, and it was his duty to follow the case to this court and present the authorities relied upon to sustain his position. If the questions involved in a case are of sufficient importance to justify asking this court to decide them, they are worthy of the careful consideration of counsel presenting them. If the case is not properly presented and the court is not given the benefit of precedents there is danger of a decision being rendered that will not be in harmony with the weight of authority. It is the duty of attorneys practicing in this court to present to the court the authorities supporting their views and to assist the court in reaching a correct conclusion."

■■■ It is difficult to say at what point a presentation to the Appellate Court is so inadequate in its compliance with the rules and the law as not to justify consideration of the parties' position, but it is clear that in this cause it is under the minimum. With respect to the preparation of a brief, the rule requiring Points and Authorities and the Argument of these points and the citation of authorities is as significant to attaining justice as is any other rule governing the filing and presentation of an appeal. Reviewing courts are entitled to have the issues clearly defined, to be cited pertinent authorities and are not a depository in which an appellant is to dump the entire matter of pleadings, court action, argument and research as it were, upon the court.

Appeal dismissed.

EBERSPACHER, P. J., and CREBS, J., concur.