CYNTHIA S. WINNETT, n/k/a Cynthia S. Stine, Plaintiff-Appellant, v. JIMMY G. WINNETT, Defendant-Appellee.

(No. 12621; ■■■■■■■■

Fourth District—October 31, 1974.

Sims, Grabb and Bennett, of Mattoon (Nolan K. Sims, of counsel), for appellant.

No appearance for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff, Cynthia S. Stine, appeals from an order of the circuit court of Coles County denying her petition for a rule to show cause and an order directing defendant to pay alleged child-support arrearages and attorney fees.

On April 13, 1962, a divorce decree was entered in the circuit court of Coles County awarding custody of two minor children to plaintiff and ordering defendant, Jimmy G. Winnett, to pay $20 per week for child support to the clerk of the court. On February 6, 1964, plaintiff filed a petition for a rule to show cause alleging child-support arrearages. A hearing was held on the petition, and a docket entry was entered by the trial judge ordering defendant to make payments through the clerk until final disposition of the petition for rule. The docket entry continued the cause for 30 days but no written order was ever filed. In January of 1974 plaintiff filed a petition for a rule to show cause alleging child-support arrearages and seeking an award of attorney fees. A hearing was held on the petition on February 14, 1974. Plaintiff testified that defendant had made some child-support payments to the clerk of the court and some to her in a sum equal to about "half or less" of the amount ordered by the court. She stated, however, that she had no precise record of the payments made. Defendant testified that he had made some direct payments, but he had not brought his cancelled checks and would "have to look them up." He stated that he did not make payments to the clerk because he was working out of town and the courthouse would always be closed. The records of the clerk's office indicated that no payments had been made to that office by defendant since September 27, 1968. Plaintiff moved for a continuance to enable defendant to produce any documentary evidence he might have of direct payments. The trial judge then denied the motion and dismissed plaintiff's petition stating that plaintiff had not sustained her burden of proving the existing arrearages.

In this cause plaintiff-appellant has perfected her appeal, filed a brief,

and has complied with all the requirements of the rules of this court. Defendant-appellee, however, has not filed a brief or made an appearance in this court. In such a situation the order which is the subject matter of the appeal may, within the discretion of this court, be reversed without consideration of the cause on its merits. (See *In re Estate of Kunz*, 7 Ill.App.3d 760, 288 N.E.2d 520; *Household Finance Corp. v. Cage*, 115 Ill.App.2d 331, 253 N.E.2d 675. See generally 2 I.L.P. *Appeal and Error* § 560 (1953).) We find this to be appropriate here, for an examination of the record reveals that no injustice would be done by such a disposition.

Accordingly, the order of the circuit court of Coles County is hereby reversed and remanded for further proceedings.

Reversed and remanded.

SMITH, P. J., and TRAPP, J., concur.