STATE OF NEBRASKA, APPELLEE, v. HATTIE E. PADLEY, APPELLANT.

237 N. W. 2d 883

Filed January 29, 1976. No. 40228.

Padley & Dudden, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

The defendant was arrested on November 17, 1974, NEWTON, J.

for driving in excess of 55 miles per hour on a freeway. At the time of her arrest sections 39-662 and 39-662.01, R. S. Supp., 1974, were in effect. She contends that these statutes are unconstitutional as an unauthorized delegation of power to the President of the United States, and as having been passed as the result of federal pressure. We affirm the judgment of the District Court.

Section 39-662 fixes highway speeds at a maximum of 55 miles per hour and then provides that when the President terminates the Emergency Highway Energy Conservation Act the permissible speed upon a freeway shall be 75 miles per hour.

Section 39-662.01 provides that if Congress should amend the conservation act, the maximum freeway-speed limit should be 75 miles per hour "or such speed as Congress requires for compliance with such act, whichever is the lesser."

There had not been any amendment of the act as contemplated in section 39-662.01 and it has no bearing on defendant's guilt or innocence. She was convicted under the speed limit set in section 39-662. We do not deem it necessary to pass on the constitutionality of section 39-662.01 as it is not in issue and constitutes a separate legislative act.

It will be noted that section 39-662 fixes a definite speed limit and the contingency that the fuel emergency would be terminated by a presidential proclamation never occurred. This provision in the act has no bearing on defendant's case unless it is deemed not to be severable. We hold that it is severable. "Where it appears that unconstitutional portions of an act can be separated from the valid portions and the latter enforced independent of the former, and it further appears that the invalid portions did not constitute such an inducement to the passage of the valid parts that they would not have been passed without them, the former may be rejected and the latter upheld." Safeway Stores, Inc. v.

Nebraska Liquor Control Commission, 179 Neb. 817, 140 N. W. 2d 668.

It may also be noted that after fixing a definite speed limit presently effective, the statute proceeds to fix an alternative speed limit to become effective when the federal conservation act is nullified. In so doing the Legislature has not delegated its power to make the law but has designed its alternative provision to become effective on the happening of a certain contingency. It is a well-recognized rule of law that: "The legislature cannot delegate its powers to make a law, but it can make a law to become operative on the happening of a certain contingency or on an ascertainment of a fact upon which the law intends to make its own action depend." Lennox v. Housing Authority of City of Omaha, 137 Neb. 582, 290 N. W. 451. See, also, 16 Am. Jur. 2d, Constitutional Law, § 253, p. 503, § 258, p. 507; City of Milwaukee v. Sewerage Commission, 268 Wis. 342, 67 N. W. 2d 624; Florka v. City of Detroit, 369 Mich. 568, 120 N. W. 2d 797.

It is the defendant's position that the statute would not have been adopted except that Congress made sharing in federal road funds contingent upon compliance with the 55' mile an hour speed limit and that such coercion renders the statute unconstitutional. We are at a loss to follow this reasoning. It is the privilege of Congress to fix the terms upon which federal money allotments to the states shall be made and it is entirely optional with the states to accept or reject such offers. There is no coercion and each state acts of its own volition. See Oklahoma v. United States Civil Service Commission, 330 U. S. 127, 67 S. Ct. 544, 91 L. Ed. 794.

The judgment of the District Court is affirmed.

AFFIRMED.