THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GRANT E. LEVERENZ, Defendant-Appellant.

Third District   No. 77-9

Opinion filed December 13, 1977.

Grant E. Leverenz, of Naperville, for appellant, *pro se*.

Donald Rumley, State's Attorney, of Princeton, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Bureau County by Grant E. Leverenz, the defendant, who after trial by jury was found guilty of violating section 11—601 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—601(b)), in that he violated the motor vehicle speed law by traveling 67 miles per hour in a 55-mile-per-hour zone. The defendant was sentenced to a fine of $12 plus court costs in the amount of $10.

■■ At the outset it should be noted that the defendant represented himself *pro se* before the trial court and continues to represent himself *pro se* in this appeal. In examining the defendant's brief we find that it completely fails to meet the requirements of Supreme Court Rule 341(e)(1), (2) (Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(1), (2)). This court would be warranted in disposing of this appeal by summarily dismissing the same on the grounds that defendant has totally failed to meet the statutory requisites pertaining to appeals; however, we prefer to search the record and determine this appeal on its merits.

■■ In examining the record we find that before the trial court the defendant raised several issues. The first issue presented is that defendant contends the State's motor vehicle speed limit law is unconstitutional. The trial court denied the defendant's motion to dismiss the speeding charge against him on the grounds that the 55-mile-per-hour speed limit imposed by law is unconstitutional. We agree with the trial court. The law is well settled that the regulation of the speed of motor vehicles to safeguard pedestrians and others using the streets and highways is a salutary exercise of the police power. See *People v. Beak* (1920), 291 Ill. 449, 126 N.E. 201, and *Christy v. Elliott* (1905), 216 Ill. 31, 74 N.E. 1035.

■■ The defendant next argues that he was not lawfully arrested and tried according to the requirements of due process of law. This broad argument is predicated upon several grounds, the first being the defendant's contention that there was no probable cause for his arrest. In determining the probable cause for arrest question we first recognize the long-established rule, to-wit, that the standard for determining that probable cause for arrest exists is that the arresting officer's ground for belief that the person arrested was guilty of an offense must be such as would influence the conduct of a prudent and cautious man under the circumstances. (See *People v. Exum* (1943), 382 Ill. 204, 47 N.E.2d 56, and *People v. Euctice* (1939), 371 Ill. 159, 20 N.E.2d 83.) In the instant case the defendant was observed by a State trooper through the use of a speedgun to be exceeding the speed limit by 12 miles per hour. The speedgun used by State troopers is a normal and widely used piece of equipment for determining the speed of motorists and the trooper in relying upon this

equipment acted as a cautious and prudent man under the circumstances. We conclude that there was probable cause for the defendant's arrest.

■■ A further ground for defendant's assertion that he was not afforded the requirements of due process of law is his contention that he was not properly charged with the commission of an offense. With this contention we do not agree, since the defendant was issued a uniform traffic ticket and our Criminal Code provides that the copy of such ticket filed with the circuit court constitutes a complaint. (See Ill. Rev. Stat. 1975, ch. 38, par. 111—3(b).) In examining the copy of the ticket filed with the trial court we find that it fulfills all the requisites for a valid charge. It states the name of the offense, the statutory provision alleged to have been violated, the nature and elements of the offense charged, the date and the name of the county where the offense allegedly occurred and the name of the accused. The defendant was properly charged with the commission of an offense in that the uniform traffic ticket issued to him met all the requirements of section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—3(a)(1), (2), (3), (4), (5)).

■■ The defendant assigns as an error which denied him due process, the trial court's denial of his objection to a voir dire examination of the prospective jurors. The trial court ruling was correct. Contrary to defendant's assertion, the examination of prospective jurors does not constitute jury tampering. The court was fulfilling its duties as required by statute. See Ill. Rev. Stat. 1975, ch. 110A, par. 234, and Ill. Rev. Stat. 1975, ch. 38, par. 115—4(f).

■■ The trial court also overruled an objection made by the defendant to an order excluding witnesses and the defendant asserts that this ruling of the trial court had the effect of denying him a fair trial. The law is well settled that the exclusion of witnesses from the court room during a criminal trial is a matter resting within the sound discretion of the court and a trial court's order excluding witness will not be disturbed unless a clear prejudice to the defendant is shown. (See *People v. Strader* (1961), 23 Ill. 2d 13, 177 N.E.2d 126, and *People v. Townsend* (1957), 11 Ill. 2d 30, 141 N.E.2d 729.) In the instant case the defendant has failed to call to the attention of this court how he was in any way prejudiced by the trial court's order excluding witnesses.

■■ The defendant also claims that he was denied a fair trial in that the jury was improperly instructed by the trial court. The defendant made this assertion to the trial court but before that court and this court he has not attempted to identify any error that resulted from the instructions given to the jury. We cannot engage in conjecture and speculation as to what the defendant deemed error. Our examination of the instruction discloses no error and without the benefit of the defendant's views we

cannot make any determination of this issue raised by the defendant, but must conclude that the trial court properly instructed the jury.

Lastly, the defendant before the trial court claimed that there was in existence a conspiracy to obstruct justice. The defendant presented no evidence to the trial court, nor has he called to this court's attention any evidence that would support his allegation that a conspiracy to obstruct justice was in existence during his trial. It has been held that in the absence of an affirmative showing to the contrary, it will be presumed that the trial court discharged its duty to the defendant in all respects. (See *People v. Bassinger* (1949), 403 Ill. 108, 85 N.E.2d 758.) We find no merit in defendant's conspiracy allegation.

■■ In order to find a denial of due process a reviewing court must find an absence of fundamental fairness which fatally infected a trial, and the acts complained of must be of such quality as necessarily prevented a fair trial. (See *People v. Townsend* (1957), 11 Ill. 2d 30, 141 N.E.2d 729.) In the instant case we not only find an absence of unfairness and prejudicial acts but on the contrary are impressed with the consideration and fairness extended to the defendant by the trial court. We have attempted to continue this extension of fairness and consideration to the defendant by considering his appeal and determining the issues as we found them in the record since the defendant totally failed to prepare a brief in the manner required by our Supreme Court Rules, to-wit, Supreme Court Rule 341(e)(1), (2) (Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(1), (2)).

For the reasons set forth the judgment of the circuit court of Bureau County and the sentence in the form of a fine and costs imposed thereon are affirmed.

Affirmed.

STENGEL, P. J., and ALLOY, J., concur.