**CITY OF PRINCETON, a Municipality, State of Iowa, Plaintiff,**

v.

**Gary Lynn FRANCISCO, Defendant.**

**Crim. No. 78–85.**

United States District Court, S. D. Iowa, Davenport Division.

July 12, 1978.

---

### ORDER

**WILLIAM C. STUART, Chief Judge.**

Defendant, Gary Lynn Francisco, filed a Petition with this Court on June 12, 1978 to remove the above-entitled case from the Iowa District Court in and for Scott County.[1] The Petition states this action is removable pursuant to the provisions of 28 U.S.C. §§ 1355, 1441, 1446 and 1447. The Court disagrees.

This case arises as a result of four motor vehicle violations for which Defend-

---

1. The Court has noted that the Petition has been filed by Harold Francisco *for* Gary Lynn Francisco indicating to the Court that Harold Francisco is serving as counsel in this matter. Although the rules allow individuals to represent themselves on a *pro se* basis, such individuals, should they desire representation, may only be represented by an attorney admitted to practice before this Court. *See* General Rule 5 of the Local Rules of the United States District Court for the Southern District of Iowa. Given the posture of the matter now before the Court and the Court's decision to remand the case to the State courts, the Petition will be considered. However, Harold Francisco is hereby put on notice that this Court will not tolerate his unauthorized practice of law. Any future pleadings in which Harold Francisco serves as counsel will not be filed by the Clerk of this Court.

ant received four Citations and Complaints. The violations included (1) driving at a speed in excess of the posted speed limit (55 m. p. h.), (2) reckless driving, (3) failure to have his vehicle under control, and (4) improper response to an approaching emergency vehicle. At issue on the Petition for removal is the speeding violation contained in Citation and Complaint No. W147529 which cites the Defendant with violation of Section 321.285 of the Iowa Code (1977). Defendant contends the statutory 55 m. p. h. speed limit is a result of an act of Congress and the case is therefore removable under Title 28 U.S.C. § 1355, which states as follows:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress.

The Congressional acts cited by the Defendant are Public Laws 93–239 and 93–643, whereby the United States Congress made approval of federal funding of State highway projects contingent upon a State maximum speed limit of 55 m. p. h. That Congressional act is now embodied in Title 23 U.S.C. § 154. Congress took this action in response to significant evidence of savings both in energy consumption and human lives. See H.R.Rep. No. 93–1567, 93d Cong., 2nd Sess. 7, *reprinted in* [1974] U.S.Code Cong. & Admin.News, pp. 8011, 8019–20. Congress did not by this act set the speed limits for any of the separate States. This act simply placed terms upon the allotment of federal funds for highway construction within the States.

Section 321.285 Iowa Code (1977) sets a maximum speed limit of 55 m. p. h. without mention of the Congressional act. In setting speed limits upon the highways each State "acts of its own volition." *State v. Padley,* 195 Neb. 358, 359, 237 N.W.2d 883, 885 (1976). *See also State v. Dumler,* 221 Kan. 386, 392, 559 P.2d 798, 804 (1977).

The Congressional act within Title 23 U.S.C. § 154 was to make highway project approval available to those States observing a maximum speed limit of 55 m. p. h., thereby making federal funding available on that basis. No act of Congress set the maximum speed limit in the State of Iowa, although the State Legislature may or may not have considered the Congressional action prior to writing Section 321.285 Iowa Code (1977). Title 28 U.S.C. § 1355 is therefore inapplicable as there is no "Act of Congress" underlying this case.

Accordingly,

IT IS ORDERED that the Petition for removal herein be, and hereby is denied.

IT IS FURTHER ORDERED that the above-entitled case be, and hereby is remanded to the Iowa District Court in and for Scott County.