*In re* MARRIAGE OF IRMA DEE SNOW, Petitioner-Appellee, and ROBERT ALLEN SNOW, Respondent-Appellant.

Fifth District   No. 79-153

Opinion filed March 18, 1980.

George H. Huber, of Vandalia, for appellant.

Meyer & Meyer, of Greenville, for appellee.

PER CURIAM: This case was a standard bifurcated hearing for dissolution of marriage. This is an appeal from the order of the trial court which disposed of property and provided child support and maintenance. The appellant raises as the sole issue the alleged error of the court in entering an order which varied from the terms of a stipulation for order made by the parties. The offending portion of the order related to the payment of past and future medical bills of the parties' minor children.

We do not reach the merits of the appeal. Rather, we find it necessary to strike as inadequate the briefs of both the appellant and the appellee.

Appellant's brief contains a 1½-page statement of facts and two pages of argument. The brief cites but one case, and that for the proposition that courts favor settlements. The brief then concerns itself solely with what are asserted to be factual errors by the court in the scope of its order entered upon the stipulation. The appellee endeavors to dispute the facts as presented by the appellant.

Appellant's brief simply makes no attempt to deal with the legal issues he presents by his appeal. Some of those issues are: what is the effect of a stipulation by the parties for a court order; whether a stipulation for an order is binding on the court and can be adopted and entered by the court without hearing any evidence; the legal consequences of an alleged variation between a stipulation for a court order and the order as entered; the authority of the court to set aside an

order entered upon a stipulation by the parties; the manner of proceeding and the burden of proof necessary to set aside an order allegedly entered at variance with a stipulation.

In *In re Estate of Kunz* (1972), 7 Ill. App. 3d 760, 288 N.E.2d 520, we cited *Kelly v. Kelly* (1925), 317 Ill. 104, 147 N.E. 659, and dismissed an appeal for failure of the parties to file adequate briefs. Appropriate here is our statement in *Kunz*:

> "It is difficult to say at what point a presentation to the Appellate Court is so inadequate in its compliance with the rules and the law as not to justify consideration of the parties' position, but it is clear that in this cause it is under the minimum. * * * Reviewing courts are entitled to have the issues clearly defined, to be cited pertinent authorities and are not a depository in which an appellant is to dump the entire matter of pleadings, court action, argument and research as it were, upon the court." (7 Ill. App. 3d 760, 763, 288 N.E.2d 520, 523.)

Also see *Scoa Industries, Inc. v. Howlett* (1975), 33 Ill. App. 3d 90, 337 N.E.2d 305.

The brief of the appellee contains a one-half page statement of facts which is patently not a statement of facts. Rather, it is an allusion to affidavits and photocopies of notes taken by appellee's attorney. Appellee's brief then contains an argument upon two-thirds of a page. The argument attempts to show, by incorporating two attached affidavits, one by the attorney for appellee and one by the appellee, that the disputed stipulation was incomplete because the court reporter did not "take it all down." Attached to the attorney's affidavit is a photocopy of his own notes he made during the settlement conference.

Appellee's brief cites no authorities at all and does not attempt to comply with the requirements of Supreme Court Rules 323(c) and (d) or 341 (Ill. Rev. Stat. 1977, ch. 110A, pars. 323(c) and (d) and 341). About this brief no more need be said.

For the reasons stated, both the briefs of appellant and appellee are stricken and the appeal is dismissed.

Appeal dismissed.