THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ABRAHAM L. AUSTIN, Defendant-Appellant.

Second District No. 81—909

Opinion filed December 21, 1982.—Rehearing denied January 25, 1983.

Abraham L. Austin, of Oak Park, for appellant.

Eugene Stockton, State's Attorney, of Dixon (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Abraham L. Austin, appeals from his conviction in a jury trial in the circuit court of Lee County. The jury found him guilty of driving his car in excess of 55 miles per hour on a public highway in violation of section 11—601 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—601(b)). Defendant admits that he had been driving over 55 miles per hour at the time he was stopped, but argues that the 55 mile per hour maximum speed limit is invalid and unconstitutional, and that the jury should have been entitled to determine the validity of that law.

■ Defendant's brief fails to comply with the requirements for an appellant's brief as set forth in Supreme Court Rule 341(e) (87 Ill. 2d R. 341(e)). In particular, defendant's brief lacks an introductory paragraph, a statement of the issues, a points and authorities section, and a statement of facts. While failure to comply with Rule 341(e) warrants an appellate court to dispose of an appeal by summarily dismissing it, a court may nevertheless consider the merits of the appeal. (*People v. Leverenz* (1977), 55 Ill. App. 3d 146, 148.) Considering the fact that defendant prepared his own brief, and that Rule 341 is not a limitation upon the jurisdiction of a court of review, but rather an admonishment to the parties (*Brown v. Brown* (1978), 62 Ill. App. 3d 328, 332), this court will examine the merits of defendant's arguments.

The defendant argues that the 55 mile per hour speed limit is invalid because the Federal government "bribed" the general assembly to impose such a limit by threatening to withhold Federal funds if the State did not pass such an act. Section 11—601 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—601(b)) prohibits driving on a highway in excess of the statutory maximum speed limit; paragraphs (d) and (f) set the maximum speed limit at 55 miles per hour pursuant to section 114 of the "Federal-Aid Highway Amendments of 1974." (23 U.S.C.A. sec. 154(a) (West Supp. 1982).) Section 114 prohibits the Secretary of Transportation from approving a highway project in any State which has a maximum speed limit on any public highway within its jurisdiction in excess of 55 miles per hour.

■ The law is well settled that the regulation of the speed of motor vehicles to safeguard pedestrians and others using the streets and the highways is a salutary exercise of police power. (*People v.*

*Leverenz* (1977), 55 Ill. App. 3d 146, 148.) Defendant's argument, however, appears to attack not the State's police power, but Congress' power to require States to limit speed limits to 55 miles per hour. Congress established a national speed limit to prevent the wasting of fuel and the jeopardizing of lives. (*United States v. City of Philadelphia* (E.D. Penn. 1979), 482 F. Supp. 1248, 1269; *City of Princeton v. Francisco* (S.D. Iowa 1978), 454 F. Supp. 33, 34; see also [1974] U.S. Code Cong. & Ad. News 8011, 8019-20.) The amendment only places terms upon the allotment of Federal funds for highway construction within the States; it is the individual States which set their own limits. (*City of Princeton v. Francisco* (S.D. Iowa 1978), 454 F. Supp. 33, 34.) Furthermore, congressional placement of terms and conditions on States receiving Federal funds, despite defendant's characterization of such action as "bribery," is not unconstitutional. (See *Buckley v. Valeo* (1976), 424 U.S. 1, 46 L. Ed. 2d 659, 96 S. Ct. 612; *Oklahoma v. United States Civil Service Com.* (1947), 330 U.S. 127, 91 L. Ed. 794, 67 S. Ct. 544.) As such, the 55 mile per hour speed limit is not unconstitutional.

 █ Defendant further urges this court to abandon the rule that the jury is the factfinder and the judge the declarer of the law. It should be noted that the trial court allowed the defendant to argue to the jury, over the State's objection, that the 55 mile per hour speed limit should be declared invalid. However, the court instructed the jury that it was their function to determine the facts and apply those findings to the law as set forth in the instructions. Defendant argues that this was error. It is well recognized and established that it is within the province of the jury to determine only issues of fact, and the judge is to determine questions of law. (*People v. Cunitz* (1977), 45 Ill. App. 3d 165, 171.) The defendant offers no cogent reason to abandon that legal principal, and this court finds no such reason.

The judgment of the circuit court of Lee County is affirmed.

Judgment affirmed.

LINDBERG and NASH, JJ., concur.