STATE OF NEBRASKA EX REL. PAUL L. DOUGLAS, ATTORNEY GENERAL, APPELLEE, V. JOY SPORHASE ET AL., APPELLANTS.

329 N.W.2d 855

Filed February 11, 1983. No. 43206.

Richard A. Dudden and Padley & Dudden, P.C., for appellants.

Paul L. Douglas, Attorney General, and G. Roderic Anderson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

WHITE, J.

The Supreme Court of the United States in *Sporhase v. Nebraska ex rel. Douglas,* ____ U.S. ____, 102 S. Ct. 3456, 73 L. Ed. 2d 1254 (1982), reversed the judgment of this court and remanded the matter to this court, holding that since the reciprocity requirement of Neb. Rev. Stat. § 46-613.01 (Reissue 1978) violates the commerce clause, "[w]e leave to the state courts the question whether the invalid portion is severable." 102 S. Ct. at 3467.

In *State ex rel. Douglas v. Sporhase,* 208 Neb. 703, 305 N.W.2d 614 (1981), this court held that underground water was not an article of commerce in this state, was the subject of public ownership, and thus regulations governing the use of such water, as well as prohibiting its export to nonreciprocating states, did not violate the commerce clause of U.S. Const. art. I, § 8, relying on *Hudson Water Co. v. McCarter,* 209 U.S. 349, 28 S. Ct. 529, 52 L. Ed. 828 (1908).

While declaring that this court erred in holding that underground water was not an article of commerce, the U.S. Supreme Court did not declare illegal the statutory scheme for conservation and preservation of ground water. Rather, on a variety of theories, the Court approved the general scheme, e.g., "unexercised federal regulatory power" and "measures taken by a State to conserve and preserve for its own citizens this vital resource in time

of severe shortage." *Sporhase v. Nebraska ex rel. Douglas,* 102 S. Ct. at 3463-64.

We are then called on to decide purely as a matter of state law whether the emphasized portion of § 46-613.01 is severable. That section provides: "Any person, firm, city, village, municipal corporation or any other entity intending to withdraw ground water from any well or pit located in the State of Nebraska and transport it for use in an adjoining state shall apply to the Department of Water Resources for a permit to do so. If the Director of Water Resources finds that the withdrawal of the ground water requested is reasonable, is not contrary to the conservation and use of ground water, and is not otherwise detrimental to the public welfare, he shall grant the permit *if the state in which the water is to be used grants reciprocal rights to withdraw and transport ground water from that state for use in the State of Nebraska."* (Emphasis supplied.)

This court has variously expressed the test to be applied in determining whether an unconstitutional clause in a statute may be severed from the remainder. (1) Whether, when absent the invalid portions, a workable plan remains. *Nelsen v. Tilley,* 137 Neb. 327, 289 N.W. 388 (1939). (2) Whether the valid portions of an act can be enforced independently, and where the invalid portions do not constitute such an inducement to the valid parts that the valid parts would not have passed without the invalid parts. *State v. Padley,* 195 Neb. 358, 237 N.W.2d 883 (1976). (3) Whether the severance will do violence to the intent of the Legislature. *Chase v. County of Douglas,* 195 Neb. 838, 241 N.W.2d 334 (1976). (4) Whether a declaration of separability is included in the act, indicating that the Legislature would have enacted the bill absent the invalid portion. *State ex rel. Meyer v. County of Lancaster,* 173 Neb. 195, 113 N.W.2d 63 (1962); *Nelsen v. Tilley, supra.*

All the parties urge the court that the provision is severable in applying the tests described. We agree.

An examination of Chapter 46, article 6, reveals a comprehensive and complete approach to the conservation and beneficial use of ground water. The striking of the provision prohibiting transfer of water to nonreciprocating states does not weaken or otherwise impair the operation of the act. The valid portions present a complete, workable plan independent of the invalid portions.

The parties concede that no legislative history exists which proves or tends to prove that the invalid portions were an inducement to the passage of the act. Indeed, they point to a severability clause in 1969 Neb. Laws, Ch. 9, § 72, p. 145, containing amendments to § 46-613.01 as indicative of a contrary intent.

The briefs of the parties cite at great length the comments in floor debate and committee reports of members of the Legislature. The purpose of § 46-613.01 and the remainder of Chapter 46 was to conserve and apply to beneficial use an important Nebraska resource. No justification exists to assert that this important aim is frustrated by the severance of the invalid portion. On the contrary, the reverse appears to be abundantly clear.

We hold that severance of the portion of § 46-613.01, to wit, "if the state in which the water is to be used grants reciprocal rights to withdraw and transport ground water from that state for use in the State of Nebraska," did not constitute an inducement to the passage of § 46-613.01, does not make the act inoperative, and will not frustrate the intent of the Legislature. The remainder of § 46-613.01, after the unconstitutional portion is stricken, remains a viable statute.

JUDGMENT OF SEVERANCE.