THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, *v.*
HOLBERT W. CARREL, Defendant—(The People *ex rel.* the Honorable William H. South, Circuit Judge, Appellee, *v.* DENNIS J. HOGAN, Respondent-Appellant).

Fifth District   No. 82—124

Opinion filed July 22, 1983.

Dennis J. Hogan, of Murphysboro, for appellant, *pro se.*

John R. Clemons, State's Attorney, of Murphysboro (Stephen E. Norris, of State's Attorneys Appellate Service Commission, of counsel), for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Respondent, Dennis J. Hogan, appeals from a judgment of the circuit court of Jackson County finding him guilty of direct criminal contempt of court and sentencing him to pay a fine of $500. The State has filed a motion to dismiss the appeal on the grounds that respondent failed to comply with the provisions of Supreme Court Rule 341(e)(7), which requires an appellant's brief to include an argument "which shall contain the contentions of the appellant and the reasons therefor, which citation of the authorities and the pages of the record relied on." 87 Ill. 2d R. 341(e)(7).

The State asserts that respondent's brief is unintelligible and cites as an example a portion of page 9 of respondent's brief. The statement in respondent's brief, referred to by the prosecution, states in its entirety:

"It was after a recess that Judge South said Attorney Dennis Hogan, Respondent and Appellant here, and, non-People v. Carrel party there, could not permissibly intercede but 'may' advise Mitchell, who was and is, theoretically, the delegator of Judge South's consecutive extrinsic punishment possibility advising power as well as his extrinsic and inherent sentencing powers delegor, to say nothing of her being theoretically the delegator of this Appellate Court's power to review Judge South's exercise of sentencing power. Attorney Hogan was not to advise 'this Court in this proceeding.' because Attorney Hogan the advisor of delegor Mitchell was not a 'party'. Yet, as it turned out. Or, given No. 81—590 of this Court, perhaps we should say, still. The Judge said 'If' Hogan would then, please, be seated 'we' will proceed.

Well, Attorney Hogan, hardly ever a causer of togetherness only intentionally hires out like other lawyers as some threatened somebody else's attorney in litigation oriented around actions on penal statutes whether or not it gets to Appellate Courts. So, since there has been no grant of traditional Federal Title 42 U.S.C. legislative power or authority—other than, possibly, mandamusable Chapter 38 I.R.S. Sec. 111—2(d)—to an administrative or private person to determine reasonableness of the level of pre-trial of the merits penalization of the 5th Amendment secured property or litigation interests of accused persons reached at any given time or place he has to assay

probabilities and act, as does any other lawyer. The threatening vacuum perceived by police and States Attorneys to exist in their power to draft and timely anchor defense attorney proof 'reasonableness' law-fact in the prompt prosecution regard does not exist. Venue council of revenue revision dragnet fishing folk having employed Thornber and other unaccounted for malum in se taxable costs to the public, causing, seines necessitating unprompt harboring of prima facie only evidence, they, not a defendant's attorney caused and created the Article I, Sec. 7 ambiguity. *Trapper v. North Carolina*, 101 S. Ct. 2338, *People v. Adams*, 46 Ill. 2d 200, 207, 263 N.E.2d 490, affirmed 92 S. Ct. 916, 405 U.S. 278, 31 L. Ed. 2d 202."

The State further asserts that the statement of facts contained in respondent's brief is also largely incomprehensible and, therefore, does not conform with the requirements of Supreme Court Rule 341(e)(6) that such statement shall "contain the facts necessary to an understanding of the case, *** without argument or comment." 87 Ill. 2d R. 341(e)(6).

We have considered the briefs and the State's motion to dismiss and conclude that respondent's brief fails to comply with the requirements of Supreme Court Rule 341 (87 Ill. 2d R. 341) and that the instant appeal should be dismissed.

The portion of respondent's brief which is quoted is but one example of respondent's failure properly to present the issues relied upon by him in his appeal. As stated by the court in *47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 232, 371 N.E.2d 294, 297, the purpose of Supreme Court Rule 341(e) "is to require parties to proceedings before a reviewing court to present clear and orderly arguments for that court's consideration." Based on appellant's failure to comply with Rule 341(e), the court in *47th & State Currency Exchange, Inc.* dismissed the appeal.

Further, the State has represented in its motion to dismiss the appeal in the case at bar that the State was required to expend 40 hours of attorney time on another of respondent's *pro se* appeals and over 100 hours in yet another appeal in which appellant represented the appellant, all the result of the unintelligibility of the appellant's brief.

This court previously has expressed its view concerning the failure to comply with the requirements of Rule 341 in *In re Estate of Kunz* (1972), 7 Ill. App. 3d 760, 763, 288 N.E.2d 520, 523, in which it was stated:

"It is difficult to say at what point a presentation to the Appellate Court is so inadequate in its compliance with the rules

and the law as not to justify consideration of the parties' position, but it is clear that in this cause it is under the minimum. *** Reviewing courts are entitled to have the issues clearly defined, to be cited pertinent authorities and are not a depository in which an appellant is to dump the entire matter of pleadings, court action, argument and research as it were, upon the court."

This rationale was restated in *In re Marriage of Snow* (1980), 81 Ill. App. 3d 1148, 1149, 401 N.E.2d 1352, 1353.

Because of the fact that respondent's brief in the instant appeal is for the most part unintelligible, we conclude that he has failed to comply with the requirements of Supreme Court Rule 341 and that his appeal should be dismissed.

For the foregoing reasons, appellant's brief is stricken and his appeal is dismissed.

Appeal dismissed.

JONES and KARNS, JJ., concur.