REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature State Capitol, Room 1116 Lincoln, NE 68509
Dear Senator DeCamp:
You have requested our opinion regarding whether a portion of LB 3, introduced at the present special legislative session, is outside the scope of the Governor's call.
Generally, LB 3 provides for an increase in the amount of the state cigarette tax. Your question concerns whether Section 3 of the bill, which would reduce the wholesalers' discount rate from 5 percent to 3 percent of the value of the tax, extends beyond the Governor's call.
Article IV, Section 8, of the Nebraska Constitution provides:
 The Governor may, on extraordinary occasions, convene the Legislature by proclamation, stating therein the purpose for which they are convened, and the Legislature shall enter upon no business except that for which they were called together.
In two recent opinions, our office has discussed the guiding principles articulated by the Nebraska Supreme Court in Arrow Club, Inc. v. Nebraska Liquor Control Commission,177 Neb. 686, 131 N.W.2d 134 (1964), regarding the limitation on the power of the Legislature to act at a special session under this constitutional provision. Attorney General Opinion No. 136, October 24, 1985; Attorney General Opinion No. 135, October 24, 1985. In these opinions, we noted that the court in Arrow Club, supra, stated that "[t]he Legislature while in special session may enact legislation relating to, germane to, and having a natural connection with the purpose for which it was convened." (Emphasis added). 177 Neb. at 690, 131 N.W.2d at 137. The fourth subject listed on the Governor's proclamation states one of the purposes of the session is to allow the Legislature to consider and enact legislation to "Increase the State Cigarette tax." As we indicated previously, LB 3 provides for an increase in the amount of the state cigarette tax. You have asked, however, whether Section 3 of the bill, which proposes to reduce the wholesalers' discount rate, is outside the scope of the call. The answer to your question turns on whether the provisions of Section 3 of LB 3 are sufficiently "related to" or "germane to" the stated subject of considering or enacting legislation relating to an increase in the state cigarette tax.
In our view, a strong argument can be made to uphold the validity of Section 3 of LB 3. The subject of considering and enacting legislation to increase the state cigarette tax is clearly directed toward the purpose of providing increased revenues to the state from this source. Presently, wholesalers are granted a discount of 5 percent of the face value of the cigarette tax pursuant to Neb.Rev.Stat. § 77-2608 (Supp. 1985). Section 3 of LB 3, which would reduce this rate to 3 percent of the face value of the amount of the tax, is apparently designed to adjust the discount rate downward due to the increase in the amount of the tax against which the rate is applied.
While the reduced discount rate in Section 3 of LB 3 is not, in and of itself, among the subjects directly stated in the call, it could be upheld as being sufficiently related to the revenue-producing function behind the subject of providing for an increase in the cigarette tax. If the amount of the tax were increased, without providing for a reduction in the percentage discount rate, the state would receive a smaller portion of the additional revenue to be derived from the tax increase. It seems logical to conclude that, in considering the enactment of an increase in the amount of the cigarette tax, the Legislature would not be precluded from adjusting the wholesalers' discount, which is applied to the amount of the tax. While we recognize the somewhat restrictive view which our Supreme Court has adopted in construing the scope of the Governor's call for a special session, we believe the provisions of Section 3 of LB 3, reducing the wholesalers' discount rate, are sufficiently "related to" or "germane to" the subject of increasing the state cigarette tax to support the conclusion that this aspect of the bill is within the scope of the call.
Assuming, arguendo, that the reduction in the wholesalers' discount rate in Section 3 of the bill were held unconstitutional as outside the scope of the call, we believe the remaining provisions of the bill would be upheld. In State ex rel. Douglas v. Sporhase, 213 Neb. 484, 486,329 N.W.2d 855, 856-57, the court stated: This court has variously expressed the test to be applied in determining whether an unconstitutional clause in a statute may be severed from the remainder. (1) Whether, when absent the invalid portions, a workable plan remains. Nelsen v. Tilley,137 Neb. 327, 289 N.W. 388 (1939). (2) Whether the valid portions of an act can be enforced independently, and where the invalid portions do not constitute such an inducement to the valid parts that the valid parts would not have passed without the invalid parts. State v. Padley, 195 Neb. 358,237 N.W.2d 883 (1976). (3) Whether the severance will do violence to the intent of the Legislature. Chase v. County of Douglas, 195 Neb. 838, 241 N.W.2d 334 (1976). (4) Whether a declaration of separability is included in the act, indicating that the Legislature would have enacted the bill absent the invalid portion. State ex rel. Meyer v. County of Lancaster, 173 Neb. 195, 113 N.W.2d 63 (1962); Nelsen v. Tilley, supra.
Applying these principles, we believe the provisions of Section 3 of LB 3, even if held unconstitutional as outside the scope of the call, would be considered severable from the remainder of the bill's provisions, and the increase in the state cigarette tax contained in LB 3 would still be held valid.
Very truly yours,
ROBERT M. SPIRE Attorney General
L. Jay Bartel Assistant Attorney General