HARVEY W. BOEGER *et al.*, Plaintiff-Appellee, v. GILBERT H. BOEGER, Defendant-Appellant.

Second District No. 85—0313

Opinion filed September 29, 1986.

Gilbert H. Boeger, of Bellwood, for appellant, *pro se.*

No brief filed for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Gilbert Boeger, appeals *pro se* from the circuit court's order removing him as co—trustee of certain trusts. Plaintiff, Harvey W. Boeger, did not file an appellee's brief. Nonetheless, this court may consider appellant's contentions on the merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

The brief filed by defendant in this court does not conform to the requirements for an appellant's brief established by Supreme Court Rule 341 (87 Ill. 2d R. 341). It is completely inadequate for a proper review of the trial court's judgment. Rule 341 sets out specific elements which must appear in every appellant's brief. These

consist of a statement of "points and authorities," a statement of the nature of the case, a statement of facts with references to the record, and an argument section consisting of the appellant's contentions and reasoning supported by citations to authority. 87 Ill. 2d R. 341.

■■ In recent years, the appellate court has not insisted on strict, technical compliance with the rule. In some cases, courts have been willing to consider the merits of the appellant's contentions where, despite some minor inadequacies in his brief, the basis for his appeal is fairly clear. (See, *e.g., People v. Austin* (1982), 111 Ill. App. 3d 213, 443 N.E.2d 1107; *Wilson v. Continental Body Corp.* (1981), 93 Ill. App. 3d 966, 418 N.E.2d 56.) Nonetheless, where the brief is totally inadequate for a proper review of the issues involved, courts have not hesitated to dismiss the appeal. (*47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 371 N.E.2d 294; *In re Estate of Kunz* (1972), 7 Ill. App. 3d 760, 288 N.E.2d 520.) As the court noted in *Kunz*, "[r]eviewing courts are entitled to have the issues clearly defined, to be cited pertinent authorities and are not a depository in which an appellant is to dump the entire matter of pleadings, court action, argument and research as it were, upon the court." 7 Ill. App. 3d 760, 763, 288 N.E.2d 520, 523.

The brief in the present case is clearly inadequate. It contains no summary of points and authorities and no fact statement as such. The section entitled "argument" consists of a rambling, often disjointed recitation of facts, often with no apparent relevance to the present litigation. It contains no indication of what, exactly, are appellant's objections to the trial court's ruling and contains no citation of authority. The remainder of the brief consists of photocopies of various documents, many taken from the record in this cause. Their relevance to defendant's argument is not explained.

A review of the record reveals that defendant is one of three co—trustees of two trusts. The principal asset of both is an approximately four-acre tract of farmland in Du Page County. In approximately 1980, defendant's parents, settlors of the trusts and also beneficiaries thereof, contracted to sell the four-acre tract. A dispute arose as to the validity of the contract, and defendant's parents did not perform. The prospective buyers filed suit, and eventually a settlement was proposed wherein the sellers would make a cash payment to the buyers and be excused from performing the contract. Defendant, as co—trustee of the trust in which the land was held, refused to accede to this—or any other—proposed settlement. All the

beneficiaries of the two trusts then filed the present action seeking to have defendant removed as a trustee, which relief was granted by the trial court in an order dated May 11, 1984. Defendant filed a post-trial motion on May 24. There followed nearly a year of motions, responses to motions and additional discovery. The trial court finally denied defendant's post-trial motion in an order dated March 12, 1985. This appeal followed.

■■■ As indicated previously, defendant's brief contains no basis for determining his specific objections to the trial court's order. A reviewing court is entitled to have the issues clearly defined with pertinent authority cited. (*Bass v. Washington-Kinney Co.* (1983), 119 Ill. App. 3d 713, 728, 457 N.E.2d 85, 96.) A reviewing court will not ordinarily search the record for unargued and unbriefed reasons to reverse a lower court's decision; but for jurisdictional reasons such a search is appropriate. (*Parks v. McWhorter* (1985), 106 Ill. 2d 181, 184, 478 N.E.2d 324, 325.) A reviewing court will not apply a more lenient procedural standard to *pro se* litigants than is generally allowed attorneys. (*Harvey v. Carponelli* (1983), 117 Ill. App. 3d 448, 451, 453 N.E.2d 820.) Here, as in *Harvey*, appellant's brief is ambiguous and flagrantly deficient in many respects and is in violation of the supreme court rules (87 Ill. 2d R. 341). "[W]here a brief submitted by a defendant on appeal fails to articulate an organized and cohesive legal argument for the court's consideration and fails to comply with Supreme Court Rule 341 *** the appeal must be dismissed." (*Bank of Ravenswood v. Maiorella* (1982), 104 Ill. App. 3d 1072, 1074-75, 433 N.E.2d 1044, 1046.) It follows that this appeal must also be dismissed.

Dismissed.

REINHARD and HOPF, JJ., concur.