2 Ill. App.3d 524 (1971)
275 N.E.2d 654
DAVIDSON MASONRY & RESTORATION, INC., Plaintiff-Appellee,
v.
J.L. WROAN & SONS, INC., Defendant-Appellant.
No. 11356.
Illinois Appellate Court  Fourth District.
November 23, 1971.
Fleming, Messman & Lapan, of Bloomington, (Roger D. Lapan, of counsel,) for appellant.
Ryan and Heller, of Mattoon, (Harlen Heller, of counsel,) for appellee.
Appeal dismissed.
Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:
The plaintiff subcontractor sued its defendant contractor for the balance due on the masonry subcontract. The trial court directed the jury to return a verdict for the plaintiff in the sum of $6,863.21 and entered judgment. The defendant appeals. The plaintiff suggests that there was no final appealable order in existence at the time the notice of appeal was given and hence the appeal should be dismissed. Supreme Court Rule 301, Ill. Rev. Stat. 1969, ch. 110A, par. 301, provides:
"Every final judgment of a circuit court in a civil case is appealable *525 as of right. The appeal is initiated by filing a notice of appeal. No other step is jurisdictional * * *."
The jurisdictional challenge is well taken. The notice of appeal was filed June 5, 1970. It stated on its face that it is an appeal "from the judgment order entered on the 7th day of May, 1970, in favor of the plaintiff and against the defendant on plaintiff's motion for directed verdict * * *." The only transaction to which this notice of appeal could relate so far as this record, the abstract and the supplemental abstract show is a docket entry made by the trial judge which reads:
"Cause called for further hearing. Motion for directed verdict allowed. Jury instructed. Jury returns a verdict in favor of the Plaintiff and against the Defendant and fixes Plaintiff's damages in the sum of 6,863.21. Judgment on the verdict. Motion by Defendant for leave to file appeal Bond and perfect appeal. Appeal bond fixed in the sum of $ * * * Clerk is authorized to approve appeal Bond. See written order (WJS)."
The words "see written order" suggest that that which precedes it is incomplete, insufficient and inadequate to give a full picture and requires reference to the written order. For such a true picture, one must then turn to a written order made at the time the docket entry was made or to a written order presented, signed and filed at a later date. On July 23, a written judgment order undated was filed with the circuit clerk. Appellant's abstract refers to this judgment by saying: "Not abstracted in full by defendant-appellant as defendant-appellant had already filed its notice of appeal on June 5, 1970, appealing from an order shown on C 3 of this record dated May 7, 1970, which order is set forth in full in this abstract". The supplemental abstract and the record show that the written order referred to contained these recitals among others:
"WHEREUPON, judgment is entered for the plaintiff and against the defendant in the amount of $6,863.21, together with costs of suit as a final judgment in bar of action.
IT IS FURTHER ORDERED that plaintiff's request for interest upon the sums claimed in plaintiff's complaint shall be considered by the court.
In the event of an appeal in this cause, defendant's bond is fixed in the amount of $10,294.81. It is further ordered that upon presentation of a bond executed by the defendant with J.L. WROAN as surety upon said bond, the Clerk is authorized to approve the bond.
IT IS FURTHER ORDERED that no proceedings relative to the collection of the judgment herein shall be taken during the pendency of the thirty day period in which the defendant is entitled to file his notice of appeal."
*526 The plain language of that judgment order supplies the deficiencies apparent in the memorandum of May 7, and in clear and unequivocal terms indicates that the defendant is entitled to a thirty-day period from the date of that instrument to file his notice of appeal. In Freeport Motor Casualty Co. v. Tharp, 406 Ill. 295, 94 N.E.2d 139, 142, it is stated:
"Freeman, in his work on `Judgments,' (Vol. I, sec. 48, 5th ed.) states: `Before a pronouncement should be taken as the judgment, it must be clear that it was intended as such and not merely an announcement of the opinion of the court or an indication of what the judgment is going to be.'
It has repeatedly been held that a memorandum signed by the judge cannot be taken or used as the record judgment. It is but a direction to enter judgment."
Rule 272 of the Supreme Court, Ill. Rev. Stat. 1969, ch. 110A, par. 272, effective January 1, 1967, states:
"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record."
When such rule was adopted, the Committee Comments suggest that "its purpose is to remove any doubt as to the date a judgment is entered". Under that rule if the judge requires a written judgment to be signed by him, the judgment becomes final only when the signed judgment order is filed. Under the record in this case, that date would be July 23, some six weeks after the notice of appeal was filed. It seems to us that the use of the words "see written order" in the judge's memorandum or docket entry is a clear implication, if not a specific direction, that a written judgment order was required by him to fully conclude or finalize the transactions of that day. The language used as well as the precise language of the subsequent written judgment order precludes any thought that it was intended or expected that the memorandum or docket entry was the final judgment in the case nor was it intended that it be so treated. If, on the other hand, no written judgment order was to be filed, it seems strange that the judge would refer those reading the docket entry or memorandum to a "written order". If no such written judgment order was to be filed, this record fails to show that either the judge or the clerk proceeded to enter the judgment of record.
At the time the notice of appeal was given in this case we had neither a signed written judgment order nor a judgment order entered of record *527 by either the judge or the clerk within the meaning of Rule 272. This appeal is from a memorandum which under Rule 272 and under Freeport Motor Casualty Company cannot be used as a record judgment nor can it be used as a final appealable order.
For us to hold the May 7 transaction as a final appealable order is to judicially declare that which the trial court and both parties by their conduct shown in this record expressly repudiate. Either the plaintiff or the defendant prepared the July 23 order and the other side filed objections and notice for hearing on June 5. The trial court overruled objections on July 23 and on that date, the full judgment order was signed and filed. Thus the record as well as the conduct of the parties and of the trial judge demonstrates that there was no final appealable order when the notice of appeal was given on June 5. No appeal was initiated from the July 23 order and no notice of appeal from that order has been presented or filed within the time limited by rule. In People ex rel. Henderson v. Redfern, 104 Ill. App.2d 132, 243 N.E.2d 252, the trial court made a docket entry on July 21. On November 22, he entered a formal written judgment order which was on that date filed and entered nunc pro tunc as of July 21. In that case, this court held that the thirty days began to run from November 22 and that on that record "the case was not formally and finally concluded". There the trial court sought to finalize the judgment on June 21 by a nunc pro tunc order. That order did not bar an appeal there. Here, the converse is true. Here the trial judge and the parties unequivocally indicate by the July 23 order that the docket entry of May 7 was not a final judgment order. Strong as we may feel that cases should be decided on the merits, our jurisdiction to do that is circumscribed by rules of law and rules of procedure. We would do a disservice to the administration of justice if through a process of tortuous reasoning we evaded or avoided the plain requirement of the rules designed for our guidance and the guidance of litigants. It is not unreasonable to impose upon a successful litigant the responsibility of shepherding the entry of an appropriate and a proper judgment to receive the fruits of his success. It is likewise not unreasonable to expect that one who seeks to invoke the jurisdiction of this court must initiate that jurisdiction by a notice of appeal which is from a final appealable judgment order. Until one is entered, he is home free. The successful party cannot receive his fruits and the loser cannot appeal. The failure to do so in this case furnishes no basis for our jurisdiction and the appeal must be dismissed. Accordingly, the motion to dismiss the appeal is allowed.
Appeal dismissed.
CRAVEN and TRAPP, JJ., concur.