NORMAN H. BERKHEIMER, Plaintiff-Appellant, *v.* ANNA B. BERKHEIMER, Defendant-Appellee.

Fourth District   No. 14841

Opinion filed August 25, 1978.

L. Stanton Dotson, of Mattoon, for appellant.

Sims, Grabb & Bennett, of Mattoon (Laurence W. Grabb, of counsel), for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

On July 8, 1976, pursuant to proceedings conducted in the circuit court of Coles County, plaintiff Norman H. Berkheimer and defendant Anna B. Berkheimer were divorced. Under the decree, defendant was awarded alimony in the sum of $160 per week. On October 12, 1977, plaintiff filed a petition to modify the decree, requesting a reduction in alimony. Defendant followed with a petition requesting that alimony be increased. In an order filed January 17, 1978, the trial court denied both petitions, ruling that the evidence did not show a substantial change of circumstances warranting modification. On this appeal from that order, plaintiff contends that the trial court (a) abused its discretion in failing to reduce alimony and (b) erred in denying his petition for a rehearing.

Initially we deem a discussion concerning our jurisdiction of this case to be in order. The trial court's written order denying the parties' petitions to modify was filed January 17, 1978. That same day plaintiff filed a notice of appeal. Prior thereto, on January 13, 1978, plaintiff had filed a petition for a rehearing. Such was apparently done pursuant to a ruling by the court as reflected in a docket entry dated "(12-20-77)" which stated "Petition to Modify and Counterpetition to Modify denied. See written order." The trial court's order denying that petition for rehearing was filed February 2, 1978.

On its own motion, this court, at oral argument, expressed concern as to its jurisdiction of the case. Our concern centered upon plaintiff's filing of his notice of appeal while his post-trial motion was pending. Supreme Court Rule 303(a) (65 Ill. 2d R. 303(a)) provides that in cases in which a timely post-trial motion directed against the judgment is filed, notice of appeal must be filed within 30 days *after* the entry of the order disposing of the motion.

■■ However, we deem plaintiff's post-trial motion to have been a nullity. Section 68.3(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 68.3(1)) permits the filing of a motion for a rehearing "within 30 days after the entry of the judgment." Supreme Court Rule 272 (58 Ill. 2d R. 272), which defines when a judgment is entered, provides that in cases in which the judge requires the submission of a written judgment, that judgment becomes final only when it is filed. The trial judge here, by the docket entry "See written order," required the submission of a written order (*Davidson Masonry & Restoration, Inc. v. J. L. Wroan & Sons, Inc.* (1971), 2 Ill. App. 3d 524, 275 N.E.2d 654). Plaintiff's motion for a

rehearing, submitted prior to such order's filing, was therefore not timely. Such motion did not delay commencement of the period in which notice of appeal could be filed once the court's written order was filed. Accordingly, upon the order's filing on January 17, 1978, the filing of notice of appeal was appropriate. We have jurisdiction.

That known as alimony under prior law is labeled "maintenance" under the new Illinois Marriage and Dissolution of Marriage Act (see Ill. Rev. Stat. 1977, ch. 40, par. 504). That Act is here applicable. Under the Act, the provisions of a judgment with respect to maintenance may be modified only upon a showing of a substantial change in circumstances (Ill. Rev. Stat. 1977, ch. 40, par. 510(a)). Plaintiff maintains that such a change here exists, arguing that the evidence presented at the December 20, 1977, hearing on the petitions to modify shows that (1) his present health prohibits his compliance with the present alimony obligation and (2) since the divorce, his expenses have increased while his income has not.

Both plaintiff and defendant testified at the December 20, 1977, hearing. Plaintiff testified that because of a previous operation and the fact that he is under a doctor's care, he is unable to work full-time and can only work approximately 50% of a normal workload. He stated that his present expenses total approximately $900 per week, that these have increased since the divorce and that his expenses presently exceed his income by more than $160. Plaintiff also testified that he is working harder than he should in trying to meet his expenses. Plaintiff admitted on cross-examination, however, that his operation took place prior to the divorce and that he is working approximately the same number of hours as he was at the time of the divorce. Further, he stated that his present health is similar to or possibly a little better than at the time of the divorce and that he expects his present income to be the same as that of the previous years. Plaintiff's income for each of the past five years has been $30,000 or more.

Defendant testified as to her employment—full-time at a retail store; her income—$8913 for 1976; and her expenses—$869 per month, excluding her fuel bill. She stated that she recently received a raise of 20¢ per hour and that, since the divorce, she has had to use some of her savings in order to meet expenses.

■■■ We agree with the trial court that no change in circumstances warranting a reduction in maintenance is demonstrated by the evidence. By plaintiff's own admission, his health and financial situation are largely unchanged since the date of the parties' divorce. Although his expenses since then have increased, he admits this is largely the result of the purchase of a house pursuant to his remarriage. Expenses related to a second marriage, although a matter to be considered (*Tan v. Tan* (1972), 3 Ill. App. 3d 671, 279 N.E.2d 486), are of only secondary consideration

*vis-a-vis* the obligation owed to a former wife on the question of support (*Gregory v. Gregory* (1964), 52 Ill. App. 2d 262, 202 N.E.2d 139). Furthermore, plaintiff also testified that he presently receives rental income of $2400 per year which he did not receive at the time of the divorce.

The instant facts are unlike those in *Herrick v. Herrick* (1925), 319 Ill. 146, 149 N.E. 820, relied upon by plaintiff. There, although the parties were in good health at the time of the divorce, at the time of the petition to modify alimony, petitioner, by reason of ill-health, had been compelled to resign from his profession and had suffered considerable reduction in his income. The supreme court upheld the trial court's reduction of his alimony obligation from $300 to $200 per month, finding a considerable change in circumstances to exist. Furthermore, there, the reviewing court was affirming the action of the trial court while here, we are asked to set it aside.

Plaintiff contends that counsel for defendant improperly suggested to the trial court that a settlement agreement calling for alimony payments of $160 per week to defendant and incorporated into the divorce decree was binding upon the parties. However, even assuming such, it does not appear that the trial court was influenced by such a suggestion or felt bound by the parties' prior agreement. As such, plaintiff was not prejudiced thereby.

Plaintiff also contends that the trial court used alimony to punish him. We find no support in the record for this contention.

Finally, plaintiff cites the trial court's denial of his petition for a rehearing as error. The rehearing was requested to enable plaintiff's physician to testify. As such petition was not timely filed, we need not consider this point. In any event, no showing was made that plaintiff's physician was unavailable to testify at the December 20, 1977, hearing or that his testimony constituted newly discovered evidence. Therefore, the trial court's denial of the petition for rehearing was proper.

Affirmed.

TRAPP and WEBBER, JJ., concur.