*In re* MARRIAGE OF CARL P. ROBERTS, Petitioner and Counterrespondent-Appellant, and DOLORES DEHN, f/k/a Dolores Roberts, Respondent and Counterpetitioner-Appellee.

First District (5th Division)    No. 79-1200

Opinion filed May 2, 1980.—Rehearing denied June 5, 1980.

Semmelman & Lombardi, Ltd., of Lake Forest (James S. Fouts, of counsel), for appellant.

Robert J. Mulcahy, of Evergreen Park, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This appeal arises from the dissolution of the marriage of Carl Roberts (hereinafter petitioner) and Dolores Roberts Dehn (hereinafter respondent). On appeal, petitioner contends that the trial court abused its discretion in awarding respondent: (1) medical expenses resulting from a miscarriage which occurred a few weeks before the parties were married; (2) expenses incurred in purchasing furniture and relocating to an apartment after petitioner was given exclusive possession of the marital home, which he had owned before the marriage; and (3) the recovery of

respondent's financial contributions to the household during the marriage. For the reasons stated below, we dismiss the appeal.

Prior to the marriage, respondent and her teen-aged daughter lived in an apartment. Upon marrying petitioner on September 30, 1977, respondent sold all of her furniture and turned the proceeds over to petitioner before she and her daughter moved into petitioner's home. Petitioner filed his petition for dissolution of the marriage on January 5, 1978, alleging extreme and repeated mental cruelty on the part of respondent. Respondent's counterpetition, filed March 8, 1978, sought dissolution of the marriage on the grounds of physical cruelty. Pursuant to an order entered February 7, 1978, petitioner was given exclusive possession of his home and respondent and her daughter moved.

Following a hearing, Judge Willard J. Lassers entered an order on January 3, 1979, which "granted" a dissolution of the marriage on the grounds alleged in respondent's counterpetition, permitted respondent to resume her prior name, and set the matter for hearing pertaining to the remaining issues. After hearing evidence on February 1, 1979, and April 30, 1979, the court announced its judgment and findings and allowed petitioner 30 days to submit a motion for reconsideration. The motion was filed on May 29, 1979, and was denied on June 15, 1979.

The final judgment of dissolution was entered by Judge Lassers on June 15, 1979, awarding respondent $1702.05 for medical bills, $522.06 for temporary living expenses, $954.18 for temporary furnishings and $1396 for her contributions to the marital funds. The order followed the court's earlier statement of its findings made on April 30 that, based upon the testimony and evidence: (1) petitioner had promised to pay respondent's expenses from her miscarriage once they married; (2) respondent had contributed her entire weekly net salary and the proceeds from the sale of her furniture to the marital household; (3) upon moving pursuant to the order of court she had to pay rent and a security deposit and to purchase new furniture; and (4) her recorded expenses on behalf of the household were $1396.

In the course of the proceedings, Judge Marion E. Burks found petitioner in criminal contempt of court and placed him under the court's supervision for six months. On June 14, 1979, the same judge found petitioner in full compliance with the supervision order, denied petitioner's motion to vacate the order of supervision, discharged him from supervision and dismissed the contempt charges against him.

Petitioner filed his notice of appeal on June 14, 1979, and filed a praecipe for record on July 27. On August 10, he filed a section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72) regarding the dissolution order. The petition was denied on August 13, 1979, the trial court noting the pending appeal, and petitioner filed an amended praecipe the same day.

Although neither party has raised the issue, we must first determine whether we have jurisdiction to consider petitioner's appeal. *Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 227, 332 N.E.2d 553, 555; *County of Cook v. Hoytt* (1963), 41 Ill. App. 2d 122, 190 N.E.2d 150.

Petitioner filed two notices of appeal on June 14, 1979, one in the morning and one in the afternoon. The latter notice differed from the former only in that it added a prayer for relief which indicated that petitioner was seeking relief from both the dissolution and contempt proceedings. However, petitioner's briefs address only the property settlement contained in the final judgment of dissolution. That judgment was entered June 15, 1979, the day after the notice of appeal was filed. Recognizing the jurisdictional problem, petitioner's counsel submitted at oral argument that the final judgment of dissolution was accepted by the court on June 14. Respondent's counsel agrees. Notwithstanding the agreement of counsel, we conclude that the judgment of dissolution did not become final and appealable until June 15.

■■ Respondent had filed a notice of motion saying that the proposed dissolution decree would be presented to the court on June 14. Both counsel have stated in this court that, on June 14, the trial court agreed to sign the final order. Although petitioner's counsel referred to the transcript of the June 14 proceedings, that transcript is not in the record on appeal and petitioner has not asked leave to amend the record to include it. If a written judgment is to be submitted to the trial judge for his signature, it becomes final "only when the signed judgment is filed" (Ill. Rev. Stat. 1977, ch. 110A, par. 272), and a notice of appeal filed before that time is premature and will not confer jurisdiction on this court. *Texaco, Inc. v. Barnes* (1978), 60 Ill. App. 3d 696, 377 N.E.2d 187; *Blanchette v. Martell* (1977), 52 Ill. App. 3d 1029, 368 N.E.2d 458; *Norris v. Board of Fire & Police Commissioners.*

■■ Furthermore, both notices of appeal are specifically directed at the order of court "entered on June 11, 1979, and the Judgement [*sic*] Orders entered in conjunction therewith." The record contains no order or transcript for that day, but a notice of motion indicates that petitioner intended to submit a motion on June 11 to vacate Judge Burks' December order which placed petitioner on supervision. The order denying petitioner's motion to vacate was entered on June 14, the date of the notice of appeal. Thus, although the notice of appeal may have been timely as to the contempt matter, it was clearly premature for the appeal of the dissolution. (See *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 403 N.E.2d 1036.) The notice could not be automatically corrected or updated merely by the ultimate entry of the final dissolution order

(*Blanchette v. Martell*) and petitioner's failure to amend the notice of appeal cannot be ignored. See *Texaco v. Barnes*.

■■ Accordingly, we hold that we are without jurisdiction to consider petitioner's appeal. Any issue pertaining to the contempt order was rendered moot when petitioner was dismissed from supervision, for such a dismissal is "deemed without adjudication of guilt and shall not be termed a conviction * * * ." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—3.1 (f).) The issues pertaining to the order of dissolution itself were raised prematurely, for the notice of appeal was filed between the time the trial court orally announced its decision on April 30 and the time the decision was entered on June 15. During that time, the trial court's decision was not subject to enforcement, to attack by motion, or to appeal. *Green v. Green* (1974), 21 Ill. App. 3d 396, 315 N.E.2d 324; *Davidson Masonry & Restoration, Inc. v. J. L. Wroan & Sons, Inc.* (1971), 2 Ill. App. 3d 524, 275 N.E.2d 654.

While it may appear that our conclusion is based on a technicality, we note that only final judgments are appealable and that the filing of the notice of appeal is the only jurisdictional step required. (Ill. Rev. Stat. 1977, ch. 110A, par. 301.) Supreme Court Rule 272 (Ill. Rev. Stat. 1977, ch. 110A, par. 272) was intended "to resolve the difficulties which had arisen regarding the timeliness of an appeal where an oral announcement of judgment from the bench antedated the entry of a written judgment order." (*West v. West* (1979), 76 Ill. 2d 226, 233, 390 N.E.2d 880, 883.) If we were to allow this appeal, we would necessarily have to say that the difference of one day between the notice of appeal and the entry of judgment is insignificant although appeals brought as few as four to seven days prematurely have been dismissed. (See, *e.g., Texaco, Inc. v. Barnes*; *Blanchette v. Martell*; *Norris v. Board of Fire & Police Commissioners.*) The effect of such a decision would be either to disregard the requirement that only final judgments may be appealed or to restore the very confusion about finality which Rule 272 was intended to eliminate. Consequently, in light of the history of Rule 272, we believe that it must be strictly applied.

■■ One additional matter remains for our consideration. Petitioner's motion to strike "scurrilous and improper matters" was taken with the cause and we will grant that motion only with regard to references in respondent's statement of facts regarding facts disclosed in depositions and regarding an action against respondent for payment of her hospital bills. Those references are not part of the record on appeal and were improperly included in respondent's brief. However, the references to various contempt findings are supported by the record and were within the scope of petitioner's notice of appeal and thus will not be stricken.

■■■ We also note that both parties have failed to include any reference

to the pages of the record in making their statements of facts, contrary to Supreme Court Rule 341(e) (6) (76 Ill. 2d R. 341(e) (6)), and petitioner has failed to include the requisite appendix to his brief, contrary to Supreme Court Rule 342(a). (76 Ill. 2d R. 342(a).) Consequently, even if the dissolution order had been properly appealed, dismissal of the appeal would be warranted by the failure to comply with the requirements of the Supreme Court rules pertaining to the record on appeal. *47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 371 N.E.2d 294; *In re Estate of Kunz* (1972), 7 Ill. App. 3d 760, 288 N.E.2d 520.

For the foregoing reasons, petitioner's motion to strike is granted in part and denied in part, and petitioner's appeal is dismissed.

Motion granted in part and denied in part; appeal dismissed.

SULLIVAN, P. J., and WILSON, J., concur.