(No. 58994.—

ARCHER DANIELS MIDLAND COMPANY, Appellee,
v. EDWARD BARTH, Appellant.

*Opinion filed October 19, 1984.*

SIMON, J., dissenting.

George H. Huber and Richard O. Habermann, of Vandalia, for appellant.

Jeanne Sathre and Michael Thompson, of Carr, Korein, Kunin, Schlichter & Brennan, of East St. Louis, for appellee.

JUSTICE UNDERWOOD delivered the opinion of the court:

On March 10, 1980, plaintiff, Archer Daniels Midland Company, filed a complaint in the circuit court of Madison County alleging that defendant, Edward Barth, breached a contract to deliver to plaintiff various quantities of soybeans. A motion for summary judgment was filed by plaintiff on August 11, 1982, and an entry in the minute record shows that the motion was granted on August 30. The minute-record entry further states: "(Formal order to be submitted)." On September 20 defendant filed a motion to reconsider the August 30 or-

der. The formal order granting summary judgment, however, was not signed and filed until October 6. The motion to reconsider was denied on December 30, and defendant filed his notice of appeal on January 28, 1983. The appellate court dismissed the appeal *sua sponte* on the ground that the notice of appeal was not timely filed. We allowed defendant's petition for leave to appeal.

To vest the appellate court with jurisdiction a party must file a notice of appeal within 30 days after entry of the judgment appealed from, or within 30 days after entry of an order disposing of a timely post-trial motion. (87 Ill. 2d R. 303(a).) Since the notice of appeal here was filed 29 days after the motion to reconsider was denied, albeit more than two months after judgment was entered, the question before us is whether the motion to reconsider was timely filed, thereby extending the time within which defendant could file his notice of appeal.

A motion to reconsider a judgment falls within the category of post-judgment motions which must be filed within 30 days after the challenged judgment is entered. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203; *Sears v. Sears* (1981), 85 Ill. 2d 253, 258.) The time and method of entering judgment are controlled by our Rule 272, which provides:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." (87 Ill. 2d R. 272.)

It is, of course, beyond dispute that the judgment here was not entered until the signed judgment order was filed on October 6. Until then it could not be attacked by

motion, appealed from, or enforced. (*In re Marriage of Roberts* (1980), 84 Ill. App. 3d 538, 542; *Green v. Green* (1974), 21 Ill. App. 3d 396, 403; *Davidson Masonry v. J. L. Wroan & Sons, Inc.* (1971), 2 Ill. App. 3d 524, 526-27.) It follows that the September 20 motion to reconsider was untimely (*Berkheimer v. Berkheimer* (1978), 63 Ill. App. 3d 19, 20-21), and an untimely post-judgment motion does not extend the time for filing a notice of appeal (87 Ill. 2d R. 303(a); *Sears v. Sears* (1981), 85 Ill. 2d 253, 259). Consequently, the January 28, 1983, notice of appeal, filed more than 30 days after the October 6, 1982, judgment was entered, did not vest the appellate court with jurisdiction, and the appeal was properly dismissed.

Defendant's argument that it was error for the appellate court to dismiss the appeal on its own motion misstates the law. The correct rule is that a reviewing court has a duty to consider its jurisdiction and to dismiss the appeal if it determines that jurisdiction is wanting. *Berber v. Hass* (1964), 30 Ill. 2d 263, 266; *Guttman v. Schiller* (1961), 23 Ill. 2d 323, 325; *Uptown National Bank v. Puris* (1959), 17 Ill. 2d 547, 548.

Nor is this an appropriate case for application of the revestment doctrine. We concluded in *People v. Kaeding* (1983), 98 Ill. 2d 237, that an untimely post-trial motion revested the trial court with jurisdiction since neither party objected to further proceedings in that court and both sought to set aside the judgment. Unlike *Kaeding*, however, we are here presented with a factual situation akin to that involved in *Sears v. Sears* (1981), 85 Ill. 2d 253, 260, where we expressly declined to apply the revestment doctrine because "the participants did not ignore the judgment and start to retry the case, thereby implying by their conduct their consent to having the judgment set aside. On the contrary, the hearing was about whether the judgment should be set aside; and [ap-

pellee] insisted it should not. Nothing in the proceeding was inconsistent with the judgment. Nothing in [appellee's] conduct voluntarily waived her judgment or estopped her to assert it. The old judgment was never touched, and no new one was entered." As in *Sears*, neither the post-judgment proceedings here nor the conduct of the parties was inconsistent with the court's judgment. Plaintiff did not waive or ignore the judgment and attempt to retry the case, and nothing in its conduct implied any hint of willingness to having the judgment set aside. The circuit court was not revested with jurisdiction, and the fact the court ultimately ruled on the post-judgment motion is inconsequential.

The judgment of the appellate court is accordingly affirmed.

*Judgment affirmed.*

JUSTICE SIMON, dissenting:

The majority's holding that a motion to reconsider a judgment submitted prior to the filing of a formal written order is untimely and does not extend the time for filing a notice of appeal celebrates form over substance. This type of pitfall occurs frequently and has claimed too many victims.

Defendant filed his motion to reconsider on September 20, twenty-one days after the plaintiff's summary judgment motion was allowed. In allowing the summary judgment, the circuit judge stated that a formal order would be signed and filed later, and it was, on October 6. This 16-day gap between the filing of the defendant's motion and the *pro forma* order, merely confirming the events of August 30 when the trial judge announced his decision, is treated by the majority as the fatal blow to the defendant's appeal.

Instead of taking this rigid approach, I would allow the appeal, because the motion to reconsider was still

alive and well and reposing in the circuit court files at the time the formal order was filed. A "notice of appeal is to be liberally construed. The notice of appeal serves the purpose of informing the prevailing party in the trial court that the unsuccessful litigant seeks a review by a higher court." (*Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 433). Even if the motion to reconsider was technically premature, the entry of the written order breathed new life into it. At that point I would regard the motion to reconsider as having been constructively refiled, and the actions that then followed properly vested the appellate court with jurisdiction.

Even more distressing is the fact that both parties treated the appeal as properly brought until the appellate court, *sua sponte*, dismissed the appeal on the ground that the notice was not timely filed. Although I do not blame the appellate court for questioning its jurisdiction, the failure of this court to treat the motion for reconsideration as properly pending after the entry of the written order deprives the defendant of an appeal, a result I regard as unfair. As I pointed out under somewhat similar circumstances (see *Garcia v. Industrial Com.* (1983), 95 Ill. 2d 467, 470 (Simon, J., dissenting)), I would choose substance instead of form.