**In re W.M. ASHLEY and Roberta J. Ashley, Debtors.**

**Bankruptcy No. BK 86–30960.**

United States Bankruptcy Court, S.D. Illinois.

Nov. 5, 1987.

Peter T. Dole, Paris, Ill., for debtors.

Denis J. Weber and Mark R. Weber, Chartered, Robinson, Ill., for Bradford Supply Co.

MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on debtors' Objection to Proof of Claim filed on behalf of Bradford Supply Company. The relevant facts are as follows:

Debtors filed their Chapter 11 petition on September 5, 1986 in the Bankruptcy Court for the Central District of Illinois. The case was subsequently transferred to the Southern District and was received by this Court on September 15, 1986. (The first document filed by this Court was an "Order for Amendment of Schedules," which was file-stamped September 15, 1986.) Prior to the filing of the bankruptcy petition, Bradford Supply sued debtors in state court for $99,067.62, the sum due on an open account. On June 4, 1986 the following docket entry was made in state court:

> Plaintiff appears by counsel. Parties stipulate Defendant owes Plaintiff the sum of $90,000 and if no execution in 90 days, then Plaintiff granted leave to have execution. Memorandum to be filed. Signed order to be filed.

A Judgment Order was signed and filed on June 11, 1986. In the interim between June 4th and June 11th, and specifically on June 5th and 6th, Bradford Supply filed Memoranda of Judgment against debtors in Crawford, Clark and Cumberland Counties, Illinois. Bradford Supply now claims, as a result of those memoranda, a secured interest in all of debtors' real property located in the above counties. Debtors claim that 1) the June 11, 1986 Judgment constitutes an avoidable preference under 11 U.S.C. § 547(b); and 2) execution on the judgment was stayed for ninety days, and Bradford Supply's lien, which was recorded during the stay of execution, is therefore invalid.

In *Anastos v. M.J.D.M. Truck Rentals, Inc.*, 521 F.2d 1301 (7th Cir.1975), *cert. den.* 424 U.S. 928, 96 S.Ct. 1142, 47 L.Ed.2d 338 (1976), the court held, "In order to create a lien on real estate in Illinois, a recorded judgment 'must possess two qualifications: *First*, it must be final and for a definite sum; and *second*, it must be such a judgment that execution may issue thereon.'"

*Id.* at 1303 (emphasis in original). Illinois Supreme Court Rule 272 addresses the question of whether a judgment is final:

> If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed.

*Ill.Rev.Stat.* ch. 110A, ¶ 272. "Under that rule if the judge requires a written judgment to be signed by him, the judgment becomes final only when the signed judgment order is filed." *Davidson Masonry & Restoration, Inc. v. Wroan & Sons, Inc.,* 2 Ill.App.3d 524, 275 N.E.2d 654, 655 (1971). *See also Anastos,* 521 F.2d at 1304.

■ In the present case, the docket entry clearly states "Signed order to be filed." Under the authority cited above, the state court judgment was therefore not final until the signed Judgment was filed on June 11, 1986. At the hearing on debtors' objection, Bradford Supply appeared to agree that the judgment did not become final until June 11, 1986, but argued nonetheless that 1) a valid lien was created, under *Ill.Rev.Stat.* ch. 110, ¶ 12–101, when the Memoranda of Judgment were filed on June 5th and 6th; and 2) since debtors filed their bankruptcy petition more than ninety days after June 6, 1986, the lien is not voidable under 11 U.S.C. § 547(b). This argument directly contradicts the *Anastos* decision, which holds that in order to create a valid lien on real estate in Illinois, a recorded judgment must be final. *Anastos,* 521 F.2d at 1303. Furthermore, the notes following Rule 272 provide, in part, as follows:

> In the interim between the announcement of a final judgment in which the judge requires the submission of a form of written judgment and the actual signing of the written judgment, the proceedings are in a state of temporary abeyance. The announcement of the final judgment cannot be attacked by motion, cannot be appealed from, and *cannot be enforced.*

*Ill.Rev.Stat.* ch. 110A, ¶ 272, Historical and Practice Notes (emphasis added). *See also Archer Daniels Midland Co. v. Barth,* 103 Ill.2d 536, 83 Ill.Dec. 332, 470 N.E.2d 290, 292 (1984). As noted by counsel for debtors, since the judgment was not final and could therefore not be enforced, filing the memoranda to enforce the judgment has no legal effect and does not create a valid lien.

Bradford Supply argues, in the alternative, that debtors' bankruptcy petition was not filed until September 15, 1986, the date this Court received the case from the Central District. If so, then even if June 11, 1986 is the first date that Bradford Supply's lien became valid, no preference exists since the bankruptcy petition was filed more than ninety days later. The case cited by Bradford Supply, *In re Griggs,* 679 F.2d 855 (11th Cir.1982), does not support its position that the filing date in this case is September 15th. For the reasons noted below, however, the Court need not determine whether the petition was filed September 5th or September 15th.

■ The Judgment entered on June 11, 1986 provided that "execution shall issue on this Judgment and said execution is hereby stayed for a period of 90 days from the date of this Judgment." A recording during a stay of execution does not create a valid lien. *Anastos,* 521 F.2d at 1304. "[W]hen the deficiencies preventing attachment of a judgment lien are removed, the lien arises as of that date, and does not relate back to any earlier time." *Id.* (citations omitted).

■ In the present case, therefore, Bradford Supply's lien could not attach until September 9, 1986 when the stay of execution was no longer in effect. Thus, even assuming that the bankruptcy petition was filed September 15, 1986, Bradford Supply's lien, which became effective on September 9th, clearly constitutes an avoidable preference under section 547(b).

Accordingly, for the reasons stated above, debtors' Objection to Proof of Claim is SUSTAINED.