862

*In re* K.S. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Cheryl Smith, Respondent-Appellant).

Fourth District No. 4—92—0808

Opinion filed September 9, 1993.

Kristen H. Fischer, of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and James Overholt, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Diana Lenik, of Urbana, guardian *ad litem.*

JUSTICE KNECHT delivered the opinion of the court:
Respondent Cheryl Smith appeals from the order of the circuit court of Champaign County placing guardianship of her children, K.S., A.S., and J.S., in the Department of Children and Family Services (DCFS), and custody of the children with Mark Smith, her former husband and the children's biological father. Cheryl alleges the trial court abused its discretion in finding her to be unfit to care for the children, and it was in the best interests of the children to be made wards of the court. Cheryl additionally alleges the trial court abused its discretion in appointing Mark as the custodian of the children. We find the notice of appeal was prematurely filed and this appeal must be dismissed.

The children were found to be neglected at an adjudicatory hearing on August 17, 1992. The dispositional hearing occurred on September 24, 1992. The children were made wards of the court, their guardianship was placed with DCFS and their father was ap-

pointed custodian. The trial court then explained the respondent's right to appeal.

A docket entry on September 24, 1992, indicates, on motion of the respondent mother, the circuit clerk was directed to file a notice of appeal on her behalf and counsel was appointed; it further shows the assistant State's Attorney was directed to prepare a written order consistent with the court's ruling of this date. On September 25, 1992, a notice of appeal was filed by the circuit clerk. On October 1, 1992, a written dispositional order prepared by an assistant State's Attorney was signed by the trial judge and filed.

The notice of appeal was filed after the oral pronouncement of the judge's decision but prior to the entry of the written judgment. Oral pronouncements are not final, binding or appealable. The written judgment or the notation of record is the judgment of the court and not the oral pronouncement. (See In re Marriage of Brooks (1985), 138 Ill. App. 3d 252, 266-67, 486 N.E.2d 267, 276.) The notice of appeal was premature (134 Ill. 2d R. 272), and we must dismiss the appeal. See Stoermer v. Edgar (1984), 104 Ill. 2d 287, 293-94, 472 N.E.2d 400, 402-03; In re B.D. (1991), 212 Ill. App. 3d 251, 570 N.E.2d 1184; Horvath v. Loesch (1980), 87 Ill. App. 3d 615, 620-21, 410 N.E.2d 154, 158-59; In re Marriage of Roberts (1980), 84 Ill. App. 3d 538, 541-42, 406 N.E.2d 1, 3-4; People v. Boston (1975), 27 Ill. App. 3d 246, 248, 327 N.E.2d 40, 41-42.

The trial court's admonitions to the respondent mother had a sense of urgency. The judge, in pointing out the need to file a written notice of appeal within 30 days, noted the office of the circuit clerk was immediately next door to the courtroom. The notice of appeal was then filed on the same day as the dispositional hearing and the judge's admonition despite the fact both the trial judge and the circuit clerk knew no written dispositional order had yet been prepared, signed and entered.

Perhaps this rush to file a notice of appeal was an effort to avoid the delay caused by the State in preparing a written dispositional order. However, this procedure does not hasten the appeal process, and thwarts the right of a parent to appeal. We note particularly the Second District Appellate Court's decision in B.D., dismissing the parents' appeal of the termination of their parental rights to a son and a daughter where the notice of appeal was filed before the written judgment order was filed. While litigants have the responsibility to exercise and preserve their own rights, in such

important matters as parental rights and responsibilities, one would hope the court, counsel and circuit clerk would cooperate to minimize the possibility of confusion and premature appeals.

Appeal dismissed.

STEIGMANN, P.J., and McCULLOUGH, J., concur.