2021 IL App (1st) 200899-U

FIFTH DIVISION
SEPTEMBER 3, 2021

No. 1-20-0899

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| ONPOINT CAS SOLUTIONS, LLC, PATRICK GLAVIN, | ) | No. 19 CH 03318 |
| NATHAN BRINN, AND JILL BRINN, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | Honorable |
| (OnPoint Cas Solutions, LLC and Patrick Glavin, | ) | Michael T. Mullen, |
| Defendants-Appellants). | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Delort and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court's order granting summary judgment in favor of the defendants is affirmed.

¶ 2     The plaintiff-appellant, Evanston Insurance Company (Evanston), brought a declaratory judgment action against the defendants-appellees, OnPoint Cas Solutions, LLC (OnPoint) and Patrick Glavin, in the circuit court of Cook County. The complaint sought a declaration that

Evanston owes no duty to defend OnPoint and Mr. Glavin in an underlying lawsuit. The circuit court granted summary judgment in favor of OnPoint and Mr. Glavin. Evanston now appeals. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 3                                    BACKGROUND

¶ 4     OnPoint is a limited liability company and Mr. Glavin is one of its employees. On December 27, 2017, Evanston issued a specified medical professions insurance policy to OnPoint for the period of December 27, 2017, to December 27, 2018 (the policy). The policy period had a retroactive date of December 27, 2012. The policy afforded coverage to OnPoint for claims made against it during the policy period. The policy contained two types of coverage referred to as coverage *parts*: Coverage A, Specified Medical Professions Professional Liability Coverage and Coverage B, Specified Medical Professions General Liability Coverage. Both coverage parts required Evanston to pay for claims made against OnPoint, provided that:

> "a. The act, error or omission happens during the Policy Period or on or after the Retroactive Date stated in the Declarations and before the end of the Policy Period; and

> b. Prior to the effective date of this policy the Insured had no knowledge of such act, error or omission or any fact, circumstance, situation or incident which may lead a reasonable person in the Insured's position to conclude that a Claim was likely."

Further, the General Liability Coverage section contained an exclusion, Exclusion B.16. Exclusion B.16 provided that the General Liability Coverage did not apply to any claims: "Based upon or arising out of [b]odily [i]njury sustained by any patient, person or resident of a facility receiving services of a professional nature ***."

¶ 5     On October 15, 2018, Nathan and Jill Brinn,[1] filed a complaint against OnPoint and Mr.

---

[1]Mr. and Mrs. Brinn are not parties to this appeal.

Glavin (the underlying lawsuit). The underlying lawsuit arose out of a lumbar surgery on Mr. Brinn on October 14, 2016. The surgery was performed by Dr. Eric Belin, a physician at Advocate Lutheran General Hospital (Advocate).[2] Advocate contracted with OnPoint for a technician to operate a StealthStation surgical navigation computer system during Mr. Brinn's surgery. The StealthStation used during Mr. Brinn's surgery was operated by OnPoint's clinical specialist, Mr. Glavin.

¶ 6    In the underlying lawsuit, Mr. and Mrs. Brinn alleged that during the surgery, Dr. Belin attempted to place six screws in Mr. Brinn's vertebrae, relying upon the StealthStation operated by Mr. Glavin, but that the screws were "misplaced." The complaint alleged that the complication regarding the placement of the screws was partly because "[d]uring the aforementioned procedure, orthopedic surgery resident Dr. Jad Bou-Monsef touched the navigation Reference Frame after O-arm registration and prior to the attempted placement of the pedicle screws utilizing surgical navigation." Consequently, Mr. Brinn suffered "severe and permanent injuries." The underlying lawsuit was brought against Dr. Belin, Advocate, OnPoint, and Mr. Glavin, alleging they were all careless and/or negligent. Concerning OnPoint and Mr. Glavin, the complaint alleged that they were careless and/or negligent in the following respects:

"a. Failed to properly operate the StealthStation surgical navigation computer system;

b. Improperly informed [Dr. Belin] that the StealthStation surgical navigation computer system was accurate and safe for use after the StealthStation randomly powered down after O-arm image acquisition;

c. Participated in the off-label use of the StealthStation surgical navigation

---

[2]Neither Dr. Belin nor Advocate is a party to this appeal.

computer system with unapproved Nuvasive surgical hardware and instruments;

d. Failed to inform [Dr. Belin] that the off-label use of StealthStation surgical navigation computer system with unapproved Nuvasive surgical hardware and instruments may result in inaccurate surgical navigation;

e. Failed to notify [Dr. Belin] regarding concerns that the patient StealthStation Reference Frame may have moved in relation to the patient after witnessing the surgical resident touching the patient Reference Frame after O-arm image acquisition; and

[f.] Was otherwise careless and/or negligent."

¶ 7 When Mr. and Mrs. Brinn first filed the underlying lawsuit, they only named Dr. Belin and Advocate as defendants in the original complaint.[3] On June 7, 2018, OnPoint gave Evanston notice of the original complaint filed by the Brinns, even though OnPoint was not yet named in the complaint. OnPoint asserts this was done "as a notice of circumstances that may result in a Claim." On October 15, 2018, Mr. and Mrs. Brinn filed an amended complaint in the underlying lawsuit, which added OnPoint and Mr. Glavin as defendants.

¶ 8 On December 19, 2018, Evanston sent a letter notifying OnPoint that it was declining coverage in the underlying lawsuit.[4]

¶ 9 On March 13, 2019, Evanston filed a declaratory judgment action against OnPoint and Mr. Glavin, as well as Mr. and Mrs. Brinn, which is the subject of this appeal. Evanston's complaint sought a declaration that it does not owe a duty to defend OnPoint and Mr. Glavin in the underlying

---

[3]The date that Mr. and Mrs. Brinn filed their original complaint in the underlying lawsuit is not available in the record on appeal.

[4]The date that OnPoint notified Evanston that it and Mr. Glavin had been named as defendants in the underlying lawsuit is not clear in the record on appeal, but it can be inferred that it was sometime between October 15, 2018, and December 19, 2018.

lawsuit brought by Mr. and Mrs. Brinn.[5] The basis of Evanston's declaratory judgment complaint was that OnPoint and Mr. Glavin failed to notify Evanston that they had knowledge that a claim was likely to arise from Mr. Brinn's surgery. Evanston claimed that when OnPoint applied for the policy in November 2017, OnPoint was asked if it was "aware of any circumstances which may result in a malpractice claim or suit being made or brought against" it or any of its employees. According to Evanston, OnPoint responded, "No," even though it was aware that a claim was reasonably likely to result from the surgery on Mr. Brinn that occurred on October 14, 2016. Evanston's complaint argued that, because OnPoint had knowledge of a possible claim of which it did not alert Evanston, coverage was not triggered under the policy; so there was no duty to defend OnPoint and Mr. Glavin in the underlying lawsuit brought by the Brinns. Evanston's complaint additionally argued that, notwithstanding the notice conditions, Exclusion B.16 "excludes coverage for any claim arising out of a bodily injury sustained by a person receiving services of a professional nature," and so coverage for the underlying lawsuit is barred.

¶ 10    On December 11, 2019, OnPoint and Mr. Glavin filed a motion for summary judgment, seeking summary judgment in their favor as to Evanston's duty to defend them. In the motion, OnPoint and Mr. Glavin pointed out that the application for the insurance policy asked OnPoint, as a potential insured, about any circumstances that could lead to a malpractice claim, but that the underlying lawsuit was a negligence claim and not a malpractice claim. OnPoint and Mr. Glavin additionally argued that "there is a significant difference between notice of a [c]laim and notice of every possible event that could give rise to a [c]laim." OnPoint and Mr. Glavin asserted that they

---

[5]Count II of Evanston's declaratory judgment complaint sought a declaration that Evanston does not owe a duty to indemnify OnPoint and Mr. Glavin in the underlying lawsuit. The trial court dismissed count II without prejudice because it was premature pending the outcome of the underlying lawsuit. The duty to indemnify is not at issue in this appeal.

gave Evanston notice of the underlying lawsuit once it was filed, even though they were not named as defendants. OnPoint and Mr. Glavin argued that such notice was sufficient to trigger coverage under the policy regarding the underlying lawsuit. The motion asked the trial court to order that both coverage parts of the policy (Coverage A and Coverage B) required Evanston to defend OnPoint and Mr. Glavin in the underlying lawsuit filed by the Brinns. OnPoint and Mr. Glavin further asked the trial court to order Evanston to "reimburse the defense costs already incurred."

¶ 11     On January 8, 2020, Evanston filed a cross-motion for summary judgment. Its cross-motion again argued that OnPoint and Mr. Glavin "cannot satisfy the conditions of coverage" under either Coverage A or Coverage B of the insurance policy. Evanston additionally claimed that the General Liability Coverage section contained "an exclusion that precludes coverage for bodily injury to a patient, which precludes coverage *** for the claims alleged in the" underlying lawsuit.

¶ 12     The trial court heard arguments on the motions for summary judgment. After hearing from both parties, the trial court stated:

> "The relevant dates that I have before me are the surgical procedure which occurred on October 14, 2016; the policy period, December 27, 2017 to December 27, 2018 that was retroactive to December 27, 2012.
>
> Notice was given to Evanston June 7, 2018, even though the Defendants [Mr.] Glavin and [OnPoint] were not identified at that point. Additional notice [was] provided on October 15, 2018. And I know I had identified those dates previously.
>
> Viewing the policy and the conditions cited to by Evanston, I am concluding, as a matter of law, that Evanston has failed to establish that [OnPoint] and [Mr.] Glavin are not entitled to a duty to defend.

It certainly was evident that Dr. Belin and potentially the hospital via its vicarious liability for its resident physician would be made or might be made parties to a claim but we are not talking about [Dr.] Belin or the hospital. We are talking about *** Mr. Glavin and [OnPoint].

Nothing indicates from the information that I have that either Mr. Glavin or [OnPoint] were at fault. There's nothing to suggest that at the time the [policy] application was made that they were at fault or that they knew that they could be brought on the carpet, if you will, that they were, in fact, at fault.

There is nothing to suggest at the time of the applications that there was a misrepresentation by *** any representative of [OnPoint]. There's nothing to suggest that they were aware of a malpractice claim and/or suit as those words -- those phrases, those specific phrases were undefined.

In other words, it appears that the representations made at the time of the applications were, in fact, accurate. To this day, there is no malpractice claim pending against either [OnPoint] or [Mr.] Glavin. They cannot be held liable for malpractice as they are not medical professionals.

\*\*\*

I am concluding that a reasonable person would not know that they may be subject to a claim and they were not at the time of the application subject to a claim as it was defined in the Evanston policy."

¶ 13   The trial court additionally addressed Evanston's arguments concerning Exclusion B.16, and found that issue to be premature pending the outcome of the underlying lawsuit. The trial court explained:

"We need to address the exclusion. Under the [*Sentry* v. *Continental Casualty*] case, our Appellate Court at 2017 IL App (1st) 161785 made it clear that I am precluded from making a determination as to any fact that may affect the outcome of the case.

I believe, based upon the wording of the exclusion, that I would have to do just that. Consequently, it would be premature for me to make such a determination as it may well be binding upon the trier-of-fact in the underlying personal injury case."

¶ 14 Following arguments, the trial court entered an order granting summary judgment in favor of OnPoint and Mr. Glavin, "finding a defense obligation is owed." The trial court accordingly granted OnPoint and Mr. Glavin's motion for summary judgment and denied Evanston's cross-motion. The order stated that it disposed of all remaining claims between the parties. This appeal followed.

¶ 15                                            ANALYSIS

¶ 16 This court has an independent a duty to consider its jurisdiction. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984). In their jurisdictional statements, the parties erroneously assert that this court has jurisdiction to review this matter under Illinois Supreme Court Rule 304 (eff. Mar. 8, 2016). However, that reliance is misplaced. Since Evanston filed a timely notice of appeal following the trial court's order granting summary judgment, which disposed of all remaining claims between the parties, we have jurisdiction to consider this appeal pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017).

¶ 17 Although Evanston identifies the issue in multiple ways, in reality, the sole issue on appeal is: whether the trial court erred in granting summary judgment in favor of OnPoint and Mr. Glavin. Evanston argues that the trial court erred in finding that it was obligated to defend OnPoint and Mr. Glavin in the underlying lawsuit for numerous reasons: the notice conditions of the policy

were not satisfied; the trial court applied a subjective standard, rather than an objective standard, in determining that the notice conditions were satisfied; and the trial court improperly relied upon the policy application in determining that the notice conditions were satisfied.

¶ 18    All of these arguments amount to Evanston's claim that OnPoint and Mr. Glavin failed to provide Evanston with notice that a claim was reasonably likely to arise out of Mr. Brinn's surgery, even though they had knowledge that the screws had been misplaced during the surgery. Evanston avers that it does not allege that OnPoint made a misrepresentation in its policy application; but rather that OnPoint simply did not notify Evanston of its knowledge that it was reasonably likely a claim was going to arise out of Mr. Brinn's surgery. Evanston argues that, therefore, coverage is not triggered under the policy for the underlying lawsuit.

¶ 19    Additionally, Evanston argues that, even if OnPoint and Mr. Glavin satisfied the notice conditions of the policy, coverage is still precluded by Exclusion B.16 of the General Liability Coverage Part section of the insurance policy because that exclusion applies to claims arising out of bodily injuries, such as the injury at issue in the underlying lawsuit. Evanston urges us to find that the trial court erred in finding that it was premature to rule on that issue.

¶ 20    The purpose of summary judgment is to determine the existence of any genuine issue of material fact. *Foley v. Builtech Construction, Inc.*, 2019 IL App (1st) 180941, ¶ 50. "Summary judgment is appropriate where the pleadings, depositions, and admissions on file, as well as any affidavits and exhibits, when viewed in the light most favorable to the nonmoving party, demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citing to 735 ILCS 5/2-1005 (West 2016). Summary judgment is a drastic but nonetheless proper mechanism to expeditiously dispose of a lawsuit when the moving party's right to a judgment in its favor is clear and free from doubt. *Marquardt v. City of*

*Des Plaines*, 2018 IL App (1st) 163186, ¶ 16. Where the parties file cross-motions for summary judgment, as they did in this case, they agree that only a question of law is at issue and they ask the trial court to decide that issue. *Id.* This court reviews *de novo* a trial court's ruling on a motion for summary judgment. *Id.*

¶ 21    Evanston argues that the trial court erred in granting summary judgment in favor of OnPoint and Mr. Glavin and finding that it owed a duty to defend them in the underlying lawsuit. In a declaratory judgment action regarding an insurer's duty to defend, the court compares the allegations in the underlying complaint to the relevant provisions of the insurance policy. *Country Mutual Insurance Co. v. Dahms*, 2016 IL App (1st) 141392, ¶ 37. "If the facts alleged in the underlying complaint fall within, or *potentially* within, the policy's coverage, the insurer's duty to defend is triggered." *Id.* It is well established that the duty to defend is separate from and broader than the duty to indemnify. *Skolnik v. Allied Property & Casualty Insurance Co.*, 2015 IL App (1st) 142438, ¶ 25.

¶ 22    The insurance policy at issue in this case required Evanston to cover any claims made against OnPoint for acts that occurred after the retroactive date of the insurance policy and before the end of the policy period. Since the retroactive date for the insurance policy is December 27, 2012, and the policy period ended December 27, 2018, Mr. Brinn's surgery falls squarely within the insurance policy coverage period as it occurred on October 14, 2016. In other words, the underlying lawsuit is precisely the type of claim that the insurance policy was intended to cover. "Our primary objective when construing an insurance policy is to ascertain and give effect to the intention of the parties, as expressed in the policy language. *** If the policy language is susceptible to more than one reasonable meaning, it is considered ambiguous and will be construed against the insurer." *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 393

(2005).

¶ 23    Nonetheless, Evanston avers that it is not required to defend OnPoint and Mr. Glavin in the underlying lawsuit because they had knowledge that a claim was reasonably likely to arise out of Mr. Brinn's surgery but failed to notify Evanston that they had such knowledge at the time the insurance policy went into effect on December 27, 2017. However, other than Evanston's assertion which it seems to have elevated to an actual fact, there is nothing to suggest that OnPoint and Mr. Glavin had *any* reason to conclude that Mr. Brinn was going to file a claim against *them* until he filed the underlying lawsuit on October 15, 2018. And it is noteworthy that although the initial complaint filed by the Brinns did not name OnPoint and Mr. Glavin, OnPoint notified Evanston of the possibility that it could yet be named. By any measure, OnPoint met its notice obligation to Evanston when it took that step.

¶ 24    Evanston makes much of the fact that, during a deposition in this case, Mr. Glavin testified that, during Mr. Brinn's surgery, he saw the resident surgeon touch the reference frame, which he acknowledged could have caused inaccuracies and inconsistencies in the navigation system. When Mr. Brinn's surgery was over, Mr. Glavin knew there had been a complication with the screws and discussed it with Dr. Belin; they "went over some of the possibilities of what could have happened." Mr. Glavin also testified that he called his boss immediately afterwards and informed him of the "unusual complication." However, OnPoint's and Mr. Glavin's knowledge that there had been a complication during Mr. Brinn's surgery under these facts and circumstances, does not necessarily equate to knowledge that a claim was likely to be filed against them.

¶ 25    Simply put, comparing the terms of the insurance policy to the allegations of the underlying complaint, there is a duty to defend owed by Evanston to OnPoint and Mr. Glavin. See *Pekin Insurance Co. v. Wilson*, 237 Ill. 2d 446, 455 (2010) (if the facts alleged in the

underlying complaint fall within, or potentially within, the policy's coverage, then the insurer's duty to defend arises). Thus, the trial court properly granted summary judgment in favor of OnPoint and Mr. Glavin.

¶ 26    Additionally, we reject Evanston's argument that the trial court erred in its finding that it was premature for the court to rule on whether Exclusion B.16 of the General Liability Coverage section precluded liability in the underlying lawsuit. We agree with the trial court that it would have been inappropriate to rule on that issue while the underlying lawsuit is still pending and the ultimate facts have yet to be determined. Doing so would require the trial court to make factual findings in the declaratory judgment action, such as whether Mr. Glavin was negligent and whether his negligence proximately caused the injuries alleged in the underlying lawsuit, which would improperly create a binding effect on the parties in the underlying lawsuit. Indeed, under the *Peppers* doctrine, it is generally inappropriate for a court considering a declaratory judgment action to decide issues of ultimate fact upon which liability or recovery might be predicated in the underlying case. *Sentry Insurance v. Continental Casualty Co.*, 2017 IL App (1st) 161785, ¶ 43. Accordingly, without a determination of the ultimate facts, the trial court acted properly in rejecting Evanston's invitation to rule on whether Exclusion B.16 applies to the issue of liability in the underlying lawsuit. Therefore, the trial court appropriately granted summary judgment only as to the duty to defend.

¶ 27                          CONCLUSION

¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 29    Affirmed.