*In re* T.W. *et al.*, Alleged to be Neglected Minors (The People of the State of Illinois, Petitioner-Appellee, v. Rena Wright, Respondent-Appellant).

Fourth District    No. 4—04—0492

Opinion filed October 14, 2004.

David W. Butler, of Bloomington, for appellant.

William A. Yoder, State's Attorney, of Bloomington (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Alan J. Novick, of Bloomington, guardian *ad litem*.

JUSTICE APPLETON delivered the opinion of the court:

Respondent, Rena Wright, appeals from the trial court's order reinstating neglect proceedings relating to her minor children, T.W. (born April 3, 1992) and B.J.W. (born January 21, 1989). Respondent contends the court was without jurisdiction and was therefore without

authority to enter the reinstatement order when no appeal from the order closing the case was taken. We reverse and remand with directions.

## I. BACKGROUND

On November 4, 2002, upon the State's petition, the trial court entered an order for shelter care as to T.W. and B.J.W. The petition alleged the minors were neglected pursuant to section 2—3(1)(b) of the Juvenile Court Act of 1987 (Juvenile Act) (705 ILCS 405/2—3(1)(b) (West 2000)) due to respondent's unresolved issues of substance abuse. At the time, all parties resided in McLean County. B.J.W. was in residential treatment as a condition of juvenile probation from a De Witt County criminal conviction.

On November 8, 2002, the trial court entered an order for both minors to reside with their maternal grandmother, Janelle Reid. The same order named Reid and the Illinois Department of Children and Family Services (DCFS) as temporary cocustodians. By December 10, 2002, the date of a pretrial hearing, respondent had moved to Bastrop, Louisiana, and Reid was living in Granville, Ohio. At the hearing, DCFS informed the court that B.J.W. was not living with either cocustodian but was believed to be living with respondent in Louisiana. The court issued a juvenile warrant for B.J.W.'s return.

On January 31, 2003, the State filed a motion to vacate the trial court's order entered on November 8, 2002, claiming the court had no authority by order to permit the minors to reside with Reid in Ohio. On January 31, 2003, the court (1) entered an adjudicatory order finding the minors neglected, (2) vacated its November 8, 2002, order, and (3) appointed DCFS as temporary guardian of both minors. The warrant for B.J.W. remained outstanding.

On March 7, 2003, the trial court entered a dispositional order, finding respondent unfit and unable to care for the minors because of her unresolved substance abuse. DCFS was appointed guardian of the minors. T.W. was placed with Reid, who then resided in Tennessee. DCFS believed B.J.W. resided with respondent in Louisiana.

At the permanency hearing on May 20, 2003, the trial court entered the following order:

"Court appoints Janelle Reid as guardian of minor [T.W.]. Court dismisses case as it relates to minor [B.J.W.] because mother continues to harbor [B.J.W.] and refuses to return him to this jurisdiction; Louisiana authorities have refused to honor the warrant for minor. No services offered or performed by mother as she left the jurisdiction[,] and nothing has been resolved."

The order further stated: "DCFS is discharged as both minors' guardian. Court, over State's objection, closes case." The docket entry

stated: "Over State's objection, case dismissed as to [B.J.W.]. Guardianship of [T.W.] awarded to [grandmother] Janelle Reid. DCFS discharged, wardship terminated[,] and case closed. See order. Closed." The State did not appeal the trial court's order.

On January 22, 2004, eight months later, the State filed a petition for adjudication of wardship as to B.J.W. in a new case, No. 04—JA—15. The trial court took judicial notice of the previous case (No. 02—JA—78) and entered a shelter-care order appointing DCFS as temporary custodian. According to the petition, B.J.W. was detained in the McLean County juvenile detention facility for delinquency matters pending in De Witt County.

Respondent filed a motion to dismiss or transfer venue on April 5, 2004, in case No. 04—JA—15, seeking to have the case dismissed or transferred to De Witt County, where she and B.J.W. resided. While a copy of respondent's motion does not appear in the record, all parties agree the same was filed.

On April 20, 2004, the trial court conducted a pretrial hearing and a hearing on respondent's motion to dismiss or transfer venue in case No. 04—JA—15. The court concluded, "It was a mistake to dismiss the [p]etition in [No.] 02—JA—78." The following exchange occurred:

"THE COURT: The court notes it has been less than a year since the [No.] 02—JA—78 case was dismissed over both [T.W.] and [B.J.W.] and reinstates this case. Wardship of the minors resides with the court. DCFS is reinstated as guardian of the minors. And I will set a hearing on whether the minors should be left in their current placement or placed somewhere else.

MR. McPHEE [(respondent's attorney)]: Just so I understand, you are reinstating a case on the court's motion and this new case in the original [No.] 04—JA—15?

THE COURT: That is correct. I will set a hearing on whether the minors will reside in their current placement ***.

MR. McPHEE: Giving DCFS guardianship over the minors?

THE COURT: Yeah. I am reinstating it where it was before. If you reinstate it[,] don't go back and prove the [p]etition. The only issue is where the custody of the minors should be. ***

MR. McPHEE: I am sorry, judge, I am having trouble following. I need to be clear. Are you reinstating an old case that was dismissed on the court's motion?

THE COURT: No. I am reinstating a fairly new case. That is on the court's motion. Yeah. It is [No.] 02—JA—78. It was a year ago.

MR. McPHEE: Just wanted to be sure.

THE COURT: Thank you. Those are good questions."

At the conclusion of the hearing, the court entered the following order:

"This cause came on for hearing on mom's motion to dismiss or

transfer venue. People by [Assistant State's Attorney] S. Thompson, minor by [guardian *ad litem*] A. Novick, mom Rena Wright by [Assistant Public Defender] J. McPhee. After hearing argument and taking judicial notice of [No.] 02[—]JA[—]78 and [No.] 03[—]JA[—]44 [(neglect proceeding wherein B.J.W. is the putative father of an alleged neglected minor)] (orders and pleadings only)[,] court denies motion to dismiss or transfer, *sua sponte* reinstates [No.] 02[—]JA[—]78 as it was improvidently dismissed over the State's objection, and reinstates wardship of both [B.J.W.] and [T.W.] and reinvests guardianship of both boys with DCFS. Further permanency and a decision as to shelter for [T.W.] set for June 1, 2004[,] [at] 10:30."

On May 20, 2004, respondent filed a motion to dismiss, alleging the trial court lacked jurisdiction to reinstate the cause more than 30 days after the order of dismissal, a final order, on May 20, 2003.

On June 1, 2004, the trial court conducted a hearing on permanency and on respondent's motion to dismiss. At the beginning of the hearing, the court noted the cases to be heard were No. 04—JA—15 (B.J.W.'s new case) and No. 02—JA—78 (original case). Respondent's counsel argued that the court was without authority to reinstate No. 02—JA—78 after it had been dismissed and 30 days thereafter had passed. In its comments, the court stated: "So far as [No.] 02—JA—78 is concerned[,] the court accepts the argument that the case was dismissed and closed, cannot be reinstated as to [B.J.W.], but rules the case was never dismissed as to [T.W.]." Thus, the court determined that No. 02—JA—78 was dismissed as to B.J.W. but remained pending as to T.W. This appeal followed.

## II. ANALYSIS

Respondent claims the trial court had no authority or jurisdiction to reinstate case No. 02—JA—78 on its own motion. She argues the orders reinstating the case, transferring guardianship from Reid to DCFS, and addressing permanency goals should be vacated.

In her argument, respondent relies on the Second District's opinion in *In re M.M.*, 337 Ill. App. 3d 764, 773, 786 N.E.2d 654, 661 (2003), which held that a trial court's order closing a juvenile case is a final order for purposes of appeal. She contends, because the State did not appeal that final order, the trial court lost jurisdiction of the case and thus had no authority to enter the order on June 1, 2004.

In opposition, the State argues the trial court's order of June 1, 2004, was "wholly consistent" with the terms of its May 30, 2003, order. The State claims T.W.'s case could be reinstated because it was closed, but was never formally dismissed, and a new case was filed against B.J.W. because his case *was* formally dismissed. The State claims respondent's appeal is without merit.

First, we agree with respondent that by closing the case, the trial court absolutely and finally determined the rights of the parties and terminated the litigation (see *M.M.*, 337 Ill. App. 3d at 773, 786 N.E.2d at 661), making the May 20, 2003, order final for purposes of appeal under Supreme Court Rule 301 (155 Ill. 2d R. 301). However, unlike *M.M.*, that is not the issue here. The issue is whether the court can regain jurisdiction of a closed case pursuant to the terms of section 2—33 of the Juvenile Act (705 ILCS 405/2—33 (West 2000)). Unfortunately, neither party argues the applicability of this section, but because it specifically allows the reinstatement of previously closed cases, we find it cannot be ignored.

■ Section 2—33 of the Juvenile Act sets forth as follows:

"(1) Any time prior to a minor's 18th birthday, pursuant to a supplemental petition filed under this [s]ection, the court may reinstate wardship and open a previously closed case when:
  ***
  (b) the minor is not presently a ward of the court under [a]rticle II of this Act nor is there a petition for adjudication of wardship pending on behalf of the minor; and
  (c) it is in the minor's best interest that wardship be reinstated.
  (2) The supplemental petition must be filed in the same proceeding in which the original adjudication order was entered." 705 ILCS 405/2—33 (West 2000).

This section, which became effective on June 30, 1998, allows the trial court to reinstate a case under certain circumstances. The question before us then is whether those circumstances exist in this case.

Both the trial court and the State made a distinction between dismissing the case pertaining to B.J.W. and closing the case pertaining to T.W. We find the Juvenile Act does not contemplate a distinction between the two under the circumstances here.

In interpreting the Juvenile Act, our task is to ascertain and give effect to the true intent of the legislature, while presuming the legislature did not intend to create absurdity, inconvenience, or injustice. *M.M.*, 337 Ill. App. 3d at 773, 786 N.E.2d at 662. The starting point for determining legislative intent is always the language of the statute because it is the most reliable indicator of the legislature's objectives in enacting the particular law. *M.M.*, 337 Ill. App. 3d at 773-74, 786 N.E.2d at 662.

Sections 2—31 and 2—33 use the terms "closed," "terminated," and "discharged" when referring to an action taken by the trial court when it determines that wardship is no longer required or necessary. See 705 ILCS 405/2—31, 2—33 (West 2000). A strict reading of the statutory sections suggests they do not contemplate or apply to a "dismissal" of the case.

We look to the language the trial court used in ordering the "dismissal" to better determine its intent. The court said it "dismissed" the case as it related to B.J.W. because respondent harbored him and refused to return him to the court's jurisdiction. The court, over the State's objection, closed the case. The court also ordered "DCFS discharged, wardship terminated."

Because the trial court did not "dismiss" the case based upon anything the State did or did not do, we find the court's "dismissal" was the equivalent of "closing" the case within the meaning of the Juvenile Act. The petition was not defective, and the State did not fail to prove certain allegations or fail to take certain actions. "Dismissal" was what the court saw as its last resort when the offered services were not being utilized and not helping remedy the family's situation. Respondent was out of the court's jurisdiction. Because T.W., unlike B.J.W., remained with Reid as ordered, his progress could be monitored; but because respondent left the court's jurisdiction and had not taken advantage of the services offered, there would likely be no demonstrable progress on her case and thus no change in T.W.'s status. For the time being, the court found T.W.'s best interest would be served by appointing Reid as his guardian and terminating wardship.

We find terminating wardship with regard to B.J.W. was done for the same purpose. At the time, no progress was being made. Until respondent and/or B.J.W. took affirmative steps toward progress, there was little the trial court could do to help remedy the situation. Although the court used the word "dismiss," the court closed the case until further notice. We find no distinction between "dismissing" B.J.W.'s case and "closing" T.W.'s case.

■ We find that section 2—33 (705 ILCS 405/2—33 (West 2000)) gives the trial court authority and jurisdiction to entertain reinstatement of the case upon the filing of a supplemental petition. Subsection (2) requires the supplemental petition to be filed in the same proceeding in which the original adjudication was entered. 705 ILCS 405/2—33(2) (West 2000). We therefore reverse the trial court's orders entered in case No. 04—JA—15, remand the action and direct the State to file a supplemental petition as to both minors in case No. 02—JA—78 in compliance with section 2—33 (705 ILCS 405/2—33 (West 2000)) for the court's consideration, and dismiss case No. 04—JA—15 with prejudice.

## III. CONCLUSION

For the above reasons, we reverse the trial court's orders entered in case No. 04—JA—15, remand and direct the State to file a

supplemental petition to reinstate wardship as to both minors in case No. 02—JA—78 in compliance with section 2—33 (705 ILCS 405/2—33 (West 2000)) for the trial court's consideration, and dismiss with prejudice case No. 04—JA—15.

Reversed and remanded with directions.

COOK and STEIGMANN, JJ., concur.